UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
-------------------------------------------------------------X
CARLOS CHAVIRA, Individually and on            :
Behalf of All Other Persons Similarly Situated, :        Case No.: _____
                                                :
                    Plaintiff,                  :
                                                :
                                                :        COLLECTIVE AND CLASS
                                                :        ACTION COMPLAINT
           -against-                            :
                                                :        JURY TRIAL DEMANDED
OS RESTAURANT SERVICES, LLC and                 :
BLOOMIN' BRANDS, INC., together                 :
doing business as OUTBACK STEAKHOUSE            :
                                                :
                                                :
                    Defendants.                 :
-------------------------------------------------------------X
```

## INTRODUCTION

Plaintiff Carlos Chavira, individually and on behalf of all others similarly situated, files this Collective and Class Action Complaint against Defendants OS Restaurant Services, LLC and Bloomin' Brands, Inc., d/b/a Outback Steakhouse ("Defendants" or "Outback"), seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq*., and Massachusetts law, particularly Mass. Gen. Laws ch. 149, §§148 and 150, and Mass. Gen. Laws ch. 151, §§1A and 1B. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## NATURE OF THE ACTION

1.      Plaintiff alleges on behalf of himself and all current and former Front of House Managers ("FOH Managers") and other employees holding comparable positions with different titles employed by Defendants in the United States and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) (hereinafter the "Collective" or

"Collective Action Members"), that they are entitled to, *inter alia*: (i) unpaid overtime wages for hours worked in excess of 40 in a workweek, as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C.§ 201, *et seq.*, for hours worked between January 5, 2015 and the date of judgment in this action (the "Collective Action Period").

2.      This action also seeks to recover unpaid overtime compensation under Massachusetts law, particularly Mass. Gen. Laws ch. 149, §§148 and 150, and Mass. Gen. Laws ch. 151, §§1A and 1B, for Plaintiff and other current and former FOH Managers who worked more than 40 hours in any workweek at any Outback in Massachusetts (the "Class Action Members" or the "Massachusetts Class"), between January 5, 2015 and the date of judgment in this matter, pursuant to Fed. R. Civ. P. 23 (the "Class Action Period"). Plaintiff and the Massachusetts Class are entitled to unpaid wages from Defendants for all hours worked by them, as well as unpaid overtime wages for hours worked over 40 in a workweek, during the Class Action Period, and are entitled to treble and liquidated damages pursuant to Massachusetts law.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§ 1332 and 1367.

4.      Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District and Plaintiff resides in this District.

5.      Upon information and belief, Defendant regularly conducts business in this District.

6.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

7.      Plaintiff is an individual residing in Dedham, Massachusetts.

8.      Plaintiff was employed by Defendants from approximately November 2011 to March 2016. For the vast majority of that period, Plaintiff was employed by Defendants as a FOH Manager at Outback locations located in Bellingham, Framingham, and Westboro, Massachusetts.

9.      While employed as a FOH Manager, Plaintiff regularly worked in excess of 40 hours per workweek, without receiving overtime compensation as required by federal and state law.

10.     Defendant OS Restaurant Services, LLC ("OS") is a Florida limited liability company with its principal place of business in Florida.

11.     OS is a wholly owned subsidiary of Defendant Bloomin' Brands, Inc.

12.     Defendant Bloomin' Brands, Inc. is a Delaware corporation with its principal place of business in Florida.

13.     According to its most recent 10-Q SEC filing, dated November 3, 2017, Bloomin' Brands, Inc.'s reported sales of over $948 million in the thirteen weeks preceding September 24, 2017, and Bloomin' Brands, Inc. operates 584 company-owned Outback Restaurants in the United States.

14.     At all times relevant herein, Defendants have jointly employed Plaintiff and have been an employer within the meaning of Section 3(d) of the FLSA (29 U.S.C. § 203(d)) and Massachusetts law.

15.     At all times relevant herein, Defendants have been an enterprise jointly within the meaning of Section 3(r) of the FLSA (29 U.S.C. § 203(r)) and Massachusetts law.

16.     At all times relevant herein, Defendants have been an enterprise jointly engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA and Massachusetts law because it has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person.  Further, Defendants have had (and has) a gross volume of sales, made or done business in an amount of at least $500,000.

17.     At all times relevant herein, Plaintiff and all similarly situated employees were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207 and Massachusetts law.

18.     Defendants operate in concert and together in a common enterprise and through related activities, so that the actions of one may be imputed to the other, and/or they operate as joint employees within the meaning of the FLSA and Massachusetts law, and/or were otherwise legally responsible in some way for the matters alleged herein and proximately caused Plaintiff and similarly-situated employees to be subject to the unlawful wage theft and pay practices described in this Complaint.

19.     Defendants jointly suffered, permitted or directed the work of Plaintiff and similarly situated employees, and Defendants jointly benefited from work performed by Plaintiff and similarly situated employees.

20.     Pursuant to Defendants' policy, pattern, and practice, Defendants did not pay Plaintiff and other similarly-situated employees proper overtime wages for hours they worked for Defendants' benefit in excess of 40 hours in a workweek, constituting wage theft.

## FACTUAL ALLEGATIONS

21.     Defendants employed Plaintiff, the Collective and Class Members as FOH Managers.

22.     Defendants maintain control, oversight, and discretion over the operation of their restaurants, including their employment practices with respect to Plaintiff, the Collective and Class Members.

23.     Plaintiff, the Collective and Class Members performed work as FOH Managers that was integrated into the normal course of Defendants' business.

24.     Consistent with Defendants' policy, pattern and/or practice, Plaintiff, the Collective and Class Members regularly worked in excess of 40 hours per workweek without being paid overtime wages, in violation of the FLSA and Massachusetts law. Plaintiff regularly worked 55-65 hours per week as a FOH Manager, but was never paid overtime for hours worked over 40 per weeks. For example, Plaintiff worked over 40 hours the week of May 4-11, 2015.

25.     The number of shifts that Plaintiff and each individual Collective and Class Member worked per week can be ascertained from Defendants' records.

26.     Defendants assigned and are aware of all of the work that Plaintiff, the Collective and the Class Members have performed.

27.     The work performed for Defendants by Plaintiff, the Collective and the Class Members required little skill and no capital investment, nor did said work include managerial responsibilities or the exercise of meaningful independent judgment and discretion.

28.     During the Collective and Class Periods, Plaintiff, the Collective and the Class Members performed the same primary job duties, including customer service, food and drink preparation, and cleaning.

29.     During the Collective and Class Periods, the primary job duties of Plaintiff, the Collective and the Class Members did not include hiring, firing, disciplining, or directing the work of other employees, or exercising meaningful independent judgment or discretion.

30.     The primary job duties of Plaintiff, the Collective and the Class Members did not materially differ from the duties of Defendants' non-exempt hourly paid employees, which included many duties that were manual and non-exempt in nature. The performance of manual labor and non-exempt duties occupied the majority of Plaintiff's, the Collective's and Class Members' working hours.

31.     Pursuant to a centralized, company-wide policy, pattern and/or practice, Defendants classified Plaintiff, the Collective and the Class Members as exempt from coverage of the overtime provisions of the FLSA and Massachusetts law.

32.     Upon information and belief, Defendants did not perform a person-by-person analysis of the job duties of Plaintiff, the Collective and the Class Members when making the decision to classify all of them uniformly as exempt from the overtime protections of the FLSA and Massachusetts law.

33.     Defendants established labor budgets to cover labor costs for the restaurants in which Plaintiff and similarly-situated employees worked. Defendants did not provide sufficient resources in the labor budgets for non-exempt employees to complete all of the non-exempt tasks in each restaurant.  Defendants knew or recklessly disregarded the fact that failing to provide sufficient resources in restaurant labor budgets resulted in Plaintiff, the Collective and Class

Members (who were not paid overtime) working more than 40 hours in a workweek and primarily performing manual and non-exempt duties during their workweeks, without receiving overtime compensation. This allowed Defendants to avoid paying additional wages (including overtime) to the non-exempt restaurant-level employees.

34.     Defendants acted willfully and knew, by virtue of the fact that their General Managers (as their authorized agents) actually saw Plaintiff and other similarly situated FOH Managers perform primarily manual labor and non-exempt duties, that a result of the underfunded labor budgets was to limit the amount of money available to pay non-exempt employees to perform such work. Defendants knew that Plaintiff and other similarly-situated employees were performing the work of non-exempt employees and, based on their actual job duties, Plaintiff and similarly-situated employees did not fall under any exemptions under the FLSA and Massachusetts law.

35.     As an experienced and practical business operating over 500 restaurants throughout the country, Defendants knew or recklessly disregarded the fact that by underfunding the labor budgets for store locations, Plaintiff and other similarly situated employees were primarily performing non-exempt duties and not performing activities that would suffice to make their actual job duties comply with any overtime exemption under the FLSA or Massachusetts law.

36.     Defendants' unlawful conduct, as described above, was willful or in reckless disregard of the applicable wage and hour laws pursuant to Defendants' centralized, company-wide policy, pattern, and practice of attempting to minimize labor costs by violating the FLSA and the overtime law of Massachusetts.

37.     As part of its regular business practice, Defendants have intentionally, willfully and repeatedly engaged in a policy, pattern and practice of violating the FLSA and Massachusetts law with respect to Plaintiff, the Collective and the Class Members. This policy, pattern and practice includes, but it is not limited to, Defendants' knowledge of its obligations under the FLSA and Massachusetts law, and the kind of work that Plaintiff, the Collective and the Class Members were and have been actually performing. As a result, Defendants have:

    a. willfully misclassified Plaintiff, the Collective and the Class Members as exempt from the overtime requirements of the FLSA and Massachusetts law;

    b. willfully failed to pay Plaintiff, the Collective and the Class Members overtime wages for hours they worked in excess of 40 hours per week; and

    c. willfully failed to provide enough money in their restaurant-level labor budgets for Defendants' non-exempt employees to perform their duties and responsibilities, thereby forcing Defendants' exempt FOH Managers to perform such non-exempt tasks.

38.     Defendants' willful violations of the FLSA and Massachusetts law are further demonstrated by the fact that throughout the Collective Action and Class Action Periods, and continuing to the present, Defendants failed to maintain accurate and sufficient time records for Plaintiff, the Collective and the Class Members.  Defendants acted recklessly or in willful disregard of the FLSA and Massachusetts law by instituting a policy and/or practice that did not allow Plaintiff, the Collective and Class Members to record all hours worked.

39.     Due to the foregoing, Defendants' failure to pay overtime wages for work performed by Plaintiff, the Collective and the Class Members in excess of 40 hours per workweek was willful and has been widespread, repeated and consistent.

8

## FLSA COLLECTIVE ACTION ALLEGATIONS

40.     Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiff seeks to prosecute his FLSA claims as a Collective Action on behalf of all persons who are or were formerly employed by Defendants as FOH Managers during the Collective Action Period.

41.     Defendants are liable under the FLSA for, *inter alia*, failing to pay premium overtime wages to Plaintiffs and other similarly situated employees.

42.     Upon information and belief, there are at least dozens of similarly situated current and former FOH Managers who have not been paid premium overtime wages in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join.  Thus, notice should be sent to the Collective Action Members pursuant to 29 U.S.C. § 216(b).

43.     The similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## CLASS ALLEGATIONS

44.     Pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3), Plaintiff seeks to prosecute his claims under Mass. Gen. Laws ch. 149, §§148 and 150, and Mass. Gen. Laws ch. 151, §§1A and 1B, on behalf of all persons who are or were formerly employed by Defendants as FOH Managers at any time from three years from the date this Complaint is filed, to the entry of judgment in this case (the "Class Period").

45.     Defendants violated Mass. Gen. Laws ch. 149, §§148 and 150, and Mass. Gen. Laws ch. 151, §§1A and 1B by failing to properly pay overtime wages to Plaintiff and other Class Members for all hours in which they worked over 40 in a given workweek.

46.     Members of the Class are similarly situated because they all perform the same basic duties and assignments, and are all subject to Defendants' common policy and practice, implemented throughout Massachusetts, of classifying FOH Managers as exempt from the provisions of Mass. Gen. Laws. Ch. 151 §§1A and 1B.

47.     The Class is so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, these similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.  Upon information and belief, there are at least dozens of members of the Class.

48.     Members of the Class are easily ascertainable from Defendants' own employment records.

49.     Plaintiff's claims are typical of the claims of the members of the Class.  Plaintiff has the same interests in this matter as all other members of the Class.

50.     Plaintiff is an adequate class representative, is committed to pursuing this action, and has retained competent counsel experienced in wage and hour law and class action litigation.

51.     Class certification of Plaintiff's Massachusetts claims is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the Class, making declaratory and injunctive relief appropriate with respect to the Class as a whole.  Members of the Class are entitled to injunctive relief to end Defendants' common and uniform policy and practice of denying the Class the wages to which they are entitled.

52.     Plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

53. Class certification of Plaintiff's Massachusetts claims is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over questions affecting only individual members of the Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

54. The critical question of law and fact common to Plaintiff and the Class that will materially advance the litigation is whether Defendants are required by Massachusetts law to pay Plaintiff and the Class at a rate of 1.5 times its regular hourly rate for hours worked in excess of 40 hours per workweek.

55. Other questions of law and fact common to the Class that will materially advance the litigation include, without limitation:

   a. Whether Defendants employed Plaintiff and members of the Class within the meaning of Massachusetts law;

   b. What proof of hours worked is sufficient when the employer fails in its duty to maintain time records;

   c. Whether Defendants failed and refused to pay Plaintiff and members of the Class their wages within six days of the termination of the pay period during which the wages were earned;

   d. Whether Defendants failed to pay Plaintiff and members of the Class the legally required amount of overtime compensation for hours worked in excess of 40 hours per workweek, in violation of Massachusetts law;

   e. Whether Defendants are liable for all damages claimed by Plaintiff and the Class, including, without limitation, compensatory, punitive, and statutory damages, interest, costs and disbursements, and attorneys' fees; and

f.      Whether Defendants should be enjoined from continuing to violate

Massachusetts law in the future.

**FIRST CAUSE OF ACTION:**
**(FAIR LABOR STANDARDS ACT:  UNPAID OVERTIME WAGES)**
**(Brought on Behalf of Plaintiff and All Collective Action Members)**

56.     Plaintiff, on behalf of himself and all Collective Action Members, re-allege and

incorporate by reference paragraphs 1 through 43 as if they were set forth again herein.

57.     At all relevant times, Defendants have been, and continue to be, employers

engaged in interstate commerce or the production of goods for commerce, within the meaning of

the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

58.     At all relevant times, Defendants jointly employed Plaintiff, and employed or

continue to jointly employ, each of the Collective Action Members within the meaning of the

FLSA.

59.     Defendants have engaged in a widespread pattern and practice of violating the

FLSA, as described in this Complaint.

60.     Plaintiff has consented in writing to be parties to this action, pursuant to 29 U.S.C.

§ 216(b).  *See* Exhibit A.

61.     The overtime wage provisions set forth in 29 U.S.C. §§ 201, *et seq*., apply to

Defendants.

62.     At all relevant times and continuing to the present, Defendants have had a policy

and practice of refusing to pay premium overtime compensation to their FOH Managers and

similarly situated employees in comparable positions but holding different titles, for hours

worked in excess of 40 hours per workweek.

12

63.     As a result of Defendants' willful failure to compensate its employees, including Plaintiff and the Collective Action Members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendants have violated and, continue to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

64.     As a result of Defendants' willful failure to record, report, credit, and compensate its employees, including Plaintiff and the Collective Action Members, Defendants failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

65.     As a result of Defendants' policy and practice of minimizing labor costs by underfunding labor budgets for their restaurants, Defendants knew or recklessly disregarded the fact that Plaintiff and the Collective Action Members were primarily performing manual labor and non-exempt tasks.

66.     Due to Defendants' (a) failure to provide enough labor budget funds, (b) failure to take into account the impact of the underfunded labor budgets on the job duties of Plaintiff and the Collective Action Members, (c) actual knowledge that the primary duties of Plaintiff and the Collective Action Members were manual labor and other non-exempt tasks, (d) failure to perform a person-by-person analysis of Plaintiff's and the Collective Action Members' job duties to ensure that they were performing primarily exempt job duties, and (e) policy and practice that did not allow Plaintiffs and Collective Action Members to record all hours worked, Defendants knew and/or showed reckless disregard that its conduct was prohibited by the FLSA. 29 U.S.C. § 255(a).

67.     As a result of Defendants' FLSA violations, Plaintiff, on behalf of himself and the Collective Action Members, is entitled to (a) recover from Defendants unpaid wages for all of the hours worked, as premium overtime compensation; (b) recover an additional, equal amount as liquidated damages for Defendants' willful violations of the FLSA; and, (c) recover unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

68.     Defendants' violations of the FLSA have been willful, thus a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## SECOND CAUSE OF ACTION:
## MASSACHUSETTS LAW OVERTIME CLASS ACTION CLAIM

69.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 55 as if they were set forth again herein.

70.     Plaintiff brings this claim under Mass. Gen. Laws c. 151, §§1A and 1B. 51. Since at least the 1960's, it has been the public policy and law of the Commonwealth of Massachusetts that "…no employer in the commonwealth shall employ any of his employees…for a week longer than 40 hours, unless such employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed…" (Mass. Gen. Laws, ch. 151, §1A).

71.     Mass. Gen. Laws ch. 151, §1B provides that employers who willfully, or with reckless indifference to the rights of their employees, fail to pay the overtime wages required by ch. 151, §1A shall be liable in a civil action brought by an aggrieved employee for three times the unpaid overtime wages owed by the employer.

72.     Defendants violated Massachusetts law by failing to pay Plaintiff time and one-half her regular rate of pay for all hours she worked in excess of 40 hours in a workweek.

73.     Plaintiff was subject to an unlawful policy or plan of Defendants under which he was classified as exempt from the provision of Mass. Gen. Laws ch. 151, §1A, despite the fact that he was assigned duties inconsistent with exempt status.

74.     Defendants were aware of the duties performed by Plaintiff.  Defendants were also fully aware that the duties of Plaintiff were inconsistent with exempt status, and that he was not exempt from the overtime provisions of Mass. Gen. Laws ch. 151, §1A.

75.     By their conduct, Defendants violated Mass. Gen. Laws ch. 151, §1A by failing to pay Plaintiff time and one-half her regular rate of pay for all hours he worked in excess of 40 hours in a workweek.

76.     Defendants' violations of Mass. Gen. Laws ch. 151, §1A were repeated, willful, and intentional.

77.     Plaintiff has been damaged by these violations of Mass. Gen. Laws ch. 151, §1A.

78.     Pursuant to Mass. Gen. Laws ch. 151, §§1A and 1B, Defendants are liable to Plaintiff for three times his unpaid overtime compensation, plus attorneys' fees and costs.

### THIRD CAUSE OF ACTION:
### MASSACHUSETTS LAW WAGE AND HOUR CLASS ACTION CLAIM

79.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 55 as if they were set forth again herein.

80.     Mass. Gen. Laws ch. 149, §148 provides that an employer must pay wages earned by an employee within six days of the termination of the pay period during which the wages were earned. Mass Gen. Laws ch. 149, §150 provides that any employee aggrieved by a violation of

§148 may, at the expiration of ninety days after the filing of a complaint with the Attorney General, or sooner, if the Attorney General assents in writing, and within three years of such violation, institute and prosecute in his own name and on his own behalf, or for himself or for others similarly situated, a civil action for injunctive relief and any damages incurred, including treble damages for any loss of wages and other benefits.  An employee so aggrieved who prevails in an action shall be entitled to an award of the costs of the litigation and reasonable attorneys' fees.

81.     Defendants have violated Massachusetts law by failing to pay all compensation owed to Plaintiff within six days after the end of the pay period during which the wages were earned.

82.     Plaintiff has satisfied all prerequisites and conditions precedents necessary to seek the remedies sought in this action.

83.     Attached as Exhibit B hereto is a letter from the Commonwealth of Massachusetts, Office of the Attorney General, Fair Labor Division, authorizing Plaintiff to pursue the claims set forth in this Claim through a private lawsuit in civil court.

84.     Pursuant to Mass. Gen. Laws ch. 149, §§148 and 150, Defendants are liable to Plaintiff and the Class for three times their unpaid compensation, plus attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Collective Action Members are entitled to and pray for the following relief:

a.     Designation of this action as an FLSA collective action on behalf of Plaintiff and the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of

the Collective, apprising them of the pendency of this action, permitting

them to assert timely FLSA claims in this action by filing individual

Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute

of limitations;

b.       Certification of this action as a class action pursuant to Fed. R. Civ. P.

23(a), (b)(2) and (3) on behalf of the members of the Class and appointing

Plaintiff and her counsel to represent the Class;

c.       A declaratory judgment that the practices complained of herein are

unlawful under the FLSA and Mass. Gen. Laws ch. 149, §§148 and 150,

and Mass. Gen. Laws ch. 151, §§1A and 1B;

d.       An injunction requiring Defendants to cease their unlawful practices

under, and comply with, Mass. Gen. Laws ch. 149, §§148 and 150, and

Mass. Gen. Laws ch. 151, §§1A and 1B;

e.       An award of unpaid wages for all hours worked in excess of 40 in a

workweek at a rate of time and one-half of the regular rate of pay due

under the FLSA and Mass. Gen. Laws ch. 151, §1A;

f.       An award of treble damages for the loss of wages and other benefits owed

to Plaintiff and the Massachusetts Class, plus attorneys' fees and costs,

pursuant to Mass. Gen. Laws. Ch. 149 §§148 and 150.

g.       An award of liquidated and punitive damages as a result of Defendants'

willful failure to pay for all hours worked in excess of 40 hours in a

workweek, at a rate of one and one-half times the regular rate of pay

pursuant to 29 U.S.C. § 216;

h.      An award of liquidated and punitive damages as a result of Defendants'

        willful failure to pay for all hours worked in excess of 40 in a workweek at

        a rate of time and one-half of the regular rate of pay pursuant to Mass.

        Gen. Laws ch. 149, §§148 and 150, and Mass. Gen. Laws ch. 151, §§1A

        and 1B;

i.      An award of damages representing the employer's share of FICA, FUTA,

        state unemployment insurance, and any other required employment taxes;

j.      An award of prejudgment and post-judgment interest;

k.      An award of costs and expenses of this action together with reasonable

        attorneys' and expert fees and an award of a service payment to the

        Plaintiff;

l.      Such other and further relief as this Court deems just and proper.


## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial by jury on all questions of fact

raised by the Complaint.

Dated: January 5, 2018                  By:/s/ Fran L. Rudich_____
                                        Fran L. Rudich
                                        Seth R. Lesser*
                                        Christopher M. Timmel*
                                        KLAFTER OLSEN & LESSER LLP
                                        Two International Drive, Suite 350
                                        Rye Brook, NY 10573
                                        Telephone: (914) 934-9200
                                        Facsimile: (914) 934-9220
                                        www.klafterolsen.com

                                        *Attorneys for Plaintiff, the Collective
                                        and the Massachusetts Class*

                                        *to seek admission *pro hac vice*