**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CARLOS CHAVIRA, Individually and on behalf of all other persons similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> OS RESTAURANT SERVICES, LLC and BLOOMIN' BRANDS, INC., together doing business as OUTBACK STEAKHOUSE, <br><br> Defendants. | Civil Action No. 1:18-cv-10029-ADB |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT**
**OF THEIR MOTION TO (i) DISMISS COUNT III**
**AND (ii) STRIKE ALL RULE 23 CLASS ALLEGATIONS**

## I.    Introduction

Ordinarily, a federal-court plaintiff who seeks class-wide determination of his or her claims

may request certification under Federal Rule 23 and – if the Rule 23 requirements are met – bind

similarly situated individuals to a judgment or settlement. *See* Fed. R. Civ. P. 23(c).  However, the

Fair Labor Standards Act ("FLSA") works differently. The FLSA requires affirmative consent

from each employee as a prerequisite for their participation in a putative collective action.[1]

---

[1]      *See* 29 U.S.C. § 216(b); *Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1248 (11th Cir. 2003) ("Congress's aim in adding the opt-in language to § 216(b) was to prevent large group actions, with their vast allegations of liability, from being brought on behalf of employees who had no real involvement in, or knowledge of, the lawsuit.") (internal quotation marks and citations omitted).

The instant FLSA[2] misclassification case, brought by Carlos Chavira ("Plaintiff") against Defendants OS Restaurant Services, LLC and Bloomin' Brands, Inc. (collectively, "Outback")[3] involves a back-door attempt to certify a Rule 23 class by improperly shoehorning state-law claims premised on the FLSA into a federal Rule 23 mechanism. The law does not permit such a result. Therefore, Plaintiff's so-called "Massachusetts Wage and Hour Class Action Claim" set forth in Count III cannot, as a matter of law, form the basis for a "class action" under Rule 23. To the extent Plaintiff actually intends to seek some form of representative relief, he must do so pursuant to the "opt in" collective action procedure set forth in Section 216(b) of the FLSA.

Accordingly, all Rule 23 class allegations in the Complaint should be stricken as a matter of law pursuant to Rule 12(f), and Count III should be dismissed with leave for Plaintiff to replead it in an Amended Complaint should Plaintiff continue to pursue this action.[4]

---

[2] Count II, alleging violations of the Massachusetts Overtime Law, G.L. c. 151, § 1A, has been dismissed by stipulation. [ECF No. 20.] There is no dispute that Plaintiff is exempt under the restaurant exemption under state law, G.L. c. 151, § 1A(14), which has no analogue in the FLSA. *See, e.g., Fernandes v. Quarry Hills Assocs., L.P.*, No. CIV.A. 09-11912-JGD, 2010 WL 5439785, at *1-*3 (D. Mass. Dec. 28, 2010) (noting "the clear language of the state statute" prohibiting overtime for restaurant workers under state law).

[3] Plaintiff's actual employer was OS Restaurant Services, LLC ("OS"). Bloomin' Brands, Inc. ("BBI") is a corporate parent that, notwithstanding Plaintiff's joint-employer allegations (Compl. ¶¶ 14-18), is several levels removed from OS and did not directly employ Plaintiff. For the purpose of this motion, the term "Outback" will be used herein to indicate both Defendants.

[4] While the mechanisms for eliminating inappropriate Rule 23 claims in a Complaint may be to either request that the Court strike such paragraphs pursuant to Rule 12(f) or, alternatively, dismiss a claim or claims under Rule 12(b)(6), here Plaintiff has specifically styled Count III to consist of a "Class Action Claim" while contemporaneously seeking relief on a class-wide basis throughout the Complaint. Accordingly, Outback requests herein that the Court strike all inappropriate class action claims and allegations (identified by paragraph number in the Conclusion section, *infra*), but also dismiss Count III. *Compare Landry v. Peter Pan Bus Lines, Inc.*, No. 09-11012-RWZ, 2009 WL 9417053, at *1 (D. Mass. Nov. 20, 2009) (dismissing a plaintiff's FLSA collective action claims and Rule 23 class claims, permitting the plaintiff's individual claims to proceed, and denying the concurrently pending requests to strike class allegations from the complaint as being moot), *with Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1152-53 (N.D. Cal. 2010) (granting the defendant-employer's Rule 12(f) motion to strike class action allegations where the putative class specified in complaint was not tenable as a matter of law).

## II.   Summary of Pertinent Allegations[5]

Plaintiff alleges that he worked at Outback restaurants between November 2011 and March 2016. (Compl. [ECF No. 1] ¶ 8.) "For the vast majority of that period," Plaintiff alleges, he worked as a Front of House Manager ("FOH Manager"). (*Id.*)[6] He alleges that he "regularly worked in excess of 40 hours per workweek" while in the FOH position and was not paid overtime. (*Id.* ¶ 9.) Plaintiff alleges that he performed work that "required little skill and no capital investment" and did not "include managerial responsibilities or the exercise of meaningful independent judgment and discretion." (*Id.* ¶ 27.)[7] These alleged duties included customer service, food and drink preparation, and cleaning. (*Id.* ¶ 28.) Plaintiff alleges that non-exempt tasks occupied the majority of his working hours. (*Id.* ¶ 30.) Plaintiff claims that Outback's practice of underfunding labor budgets for its restaurants led to FOH Managers primarily performing nonexempt tasks, for which they did not receive overtime compensation. (*Id.* ¶¶ 33, 35.)

Plaintiff brought three causes of action against Outback: a claim under the FLSA for unpaid overtime (Count I), a claim for unpaid overtime under Massachusetts law (Count II), and a "Class Action Claim" for unpaid wages under the Massachusetts Wage Act (Count III). Count II has since been dismissed by stipulation. [ECF No. 20.] As to Count I, Plaintiff seeks designation of this case as a collective action pursuant to 29 U.S.C. §§ 207 and 216(b), seeking relief on behalf of himself and other FOH Managers nationwide. (Compl. ¶¶ 1, 40.)   As to Count III, Plaintiff seeks

---

[5]    While it generally disputes the veracity of Plaintiff's allegations, Outback assumes the truth of Plaintiff's allegations only for purposes of this Motion.

[6]    Outback anticipates that discovery will show that Plaintiff did not, in fact, hold the FOH Manager position at any time during the maximum applicable statute of limitations.

[7]    Similarly, Outback is confident that discovery will establish that Plaintiff's allegations are false, and Outback's FOH Managers are properly classified as exempt under the White Collar Exemptions.

certification of a class pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3) on behalf of himself and other FOH Managers at Outback restaurants located in Massachusetts. (*Id.* ¶¶ 2, 44.)

## III.    Analysis

### A.    Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Dismissal is appropriate when the pleadings fail to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Berner v. Delahanty*, 129 F.3d 20, 25 (1st Cir. 1997) (quotation marks and citation omitted). The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief'" and the complaint must therefore be dismissed. *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

The Federal Rules also permit the Court to strike allegations in support of a Rule 23 class action where it is evident from the face of the complaint that a Rule 23 class cannot be sustained. *See* Fed. R. Civ. P. 23(c)(1)(A) ("At an early practicable time after a person sues . . . as a class representative, the court must determine by order whether to certify the action as a class action."); Fed. R. Civ. P. 23(d)(1)(D) ("the court may . . . require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly"); *see also* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."). "[T]he court may only strike a class allegation if 'it is obvious from the pleadings that the proceeding cannot possibly move forward

on a class-wide basis.'" *Monteferrante v. Williams-Sonoma, Inc.*, 241 F. Supp. 3d 264, 269 (D. Mass. 2017) (quoting *Manning v. Boston Med. Ctr. Corp.*, 725 F.3d 34, 59-60 (1st Cir. 2013)). This includes class allegations that "plainly encompass individuals whose claims are barred by jurisdictional or time limitations." *Id.* (citing *Barrett v. Avco Fin. Servs.*, 292 B.R. 1, 11-12 (D. Mass. 2003)).

Whether the Court is considering the dismissal of all or part of a purported "class" claim pursuant to Rule 12(b)(6), or striking class allegations pursuant to Rule 12(f), the Court applies the same standard and should ultimately reach the same result. *See, e.g., Bessette v. Avco Fin. Servs., Inc.*, 279 B.R. 442, 450 (D.R.I. 2002) ("For purposes of a motion to strike class allegations, asserted prior to any discovery on the matter, this Court will employ the standard set forth in [Federal Rule] 12(b)(6), reviewing this motion as if it were a motion to dismiss.").

### B. The Class Allegations Must Be Struck from the Complaint Since No Surviving Cause of Action May Proceed Under Rule 23, and Count III Should be Dismissed as Well

Count III of the Complaint, styled as a "Class Action Claim," alleges that Outback violated the Massachusetts Wage Act, G.L. c. 149, §§ 148, 150, by "failing to pay all compensation owed to Plaintiff within six days after the end of the pay period during which the wages were earned." (Compl. ¶ 81.)  The only facts alleged in the Complaint that would give rise to an inference that Outback failed to pay wages owed concern Outback's alleged failure to pay overtime to Plaintiff and prospective collective and class members. (*E.g.*, Compl. ¶¶ 9, 20, 24, 41, 45.) Thus, Plaintiff's Wage Act claim is wholly derivative of his overtime claims, which—since Plaintiff is indisputably exempt under state law, *see* G.L. c. 151, § 1A(14)—he can <u>only</u> pursue under the FLSA.

Neither the Massachusetts Supreme Judicial Court nor the First Circuit has addressed whether a Wage Act claim may be brought to the extent it arises solely from a claimed violation of federal law. Both state and federal trial courts have, however, allowed plaintiffs to avail

themselves of Wage Act remedies for FLSA violations. *See, e.g.*, *Lambirth v. Adv. Auto, Inc.*, 140 F. Supp. 3d 108, 112 (D. Mass. 2015) (finding "nothing in the language of the statute or the plain meaning of its terms to suggest that it does not encompass overtime differential to which an employee is entitled under federal law"); *Frost v. Malden/Dockside, Inc.*, No. SUCV20172204BLS1, 2017 WL 5985234, at *1 (Mass. Super. Ct. Oct. 13, 2017) (Leibensperger, J.) ("if the FLSA requires defendants to pay premium pay for work more than 40 hours per week, the Wage Act may be used to enforce that obligation").[8]

The issue before the Court, then, is whether the Wage Act may be used as a basis for certification of a Rule 23 class where the <u>only</u> legal ground for asserting unpaid wages is an alleged violation of federal law.  The District of Massachusetts (Zobel, J.) recently answered this exact question with a resounding "no." *Brayak v. New Boston Pie, Inc.*, __ F. Supp. 3d ___, No. 16-12322-RWZ, 2017 WL 5468181, at *2 (D. Mass. Nov. 14, 2017).

In *Brayak*, the plaintiff, a delivery driver for a Domino's Pizza franchisee, brought a claim for unpaid overtime under FLSA, a claim under Massachusetts state law for improper retention of tips in violation of G.L. c. 149, § 152A, federal and state minimum-wage claims related to drivers' performance of "inside work" at the tipped wage, and a Wage Act claim. *Id.* at *1. The Court certified a class of delivery drivers under Federal Rule 23 with respect to their Tips Law and inside-work claims.  *Id.*  However, the court denied the plaintiff's motion for class certification with respect to their overtime claims. Noting that the restaurant exemption precluded any state-law overtime claim (like it does here), the court rejected the attempt to use the derivative Wage Act claim to anchor a Rule 23 opt-out class where the underlying claim is premised on the FLSA:

---

[8]    A plaintiff who obtains trebled damages and attorneys' fees under the Wage Act cannot doubly recover liquidated damages and attorneys' fees under the FLSA. *See Carroca v. All Star Enters. & Collision Ctr., Inc.*, No. 12-11202-DJC, 2013 WL 3496537, at *4 (D. Mass. July 10, 2013).

> I am not persuaded that the same logic [allowing recovery under the Wage Act for FLSA violations] extends to the class action context. It is well settled that federal overtime claims must be brought as collective actions under 29 U.S.C. § 216(b) rather than as class actions under Fed. R. Civ. P. 23. *See Pike v. New Generation Donuts, LLC*, No. 12-12226, 2016 WL 707361 at *1, n.1 (D. Mass. Feb. 20, 2016) (citing *Manning v. Boston Med. Ctr. Corp.*, 725 F.3d 34, 58 (1st Cir. 2013)). "Unlike Federal Rules of Civil Procedure Rule 23 class actions, FLSA collective actions require similarly situated employees to affirmatively opt-in and be bound by any judgment." *Id.* at *3 (quoting *Iriarte v. Café 71, Inc.*, 2015 WL 8900875, at *2 (S.D.N.Y. Dec. 11, 2015). *See* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives consent in writing to become such a party and such consent is filed in the court in which such action is brought."). *See also Cameron–Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240,1248 (11th Cir. 2003) (discussing Congress's intent to prevent Rule 23 class actions in adding the "opt-in" language). And this is not the case in which plaintiffs with independently valid state and federal claims seek class certification of both together. *See Trezvant v. Fid. Employer Servs. Corp.*, 434 F.Supp.2d 40, 57–58 (D. Mass. 2006) (collecting cases granting Rule 23 class certification to state wage violations not contingent on FLSA violations, where plaintiffs also alleged FLSA violations). **Instead, plaintiffs first cite federal overtime protections as a basis for state Wage Act recovery, but later disclaim the federal scheme governing those protections when it carries less advantageous procedural requirements. Thus, although plaintiffs assert a state law claim, what is at bottom an action to recover federally mandated overtime wages cannot circumvent the opt-in collective action procedures set forth in Section 216.** *See id.*

*Id.* at *2 (footnote omitted) (emphasis added).

So it is here: Plaintiff seeks in his Complaint to circumvent the FLSA's collective-action mechanism as applied to similarly situated employees within Massachusetts. The Court should apply the well-considered reasoning in *Brayak* and strike Plaintiff's Rule 23 class allegations throughout the Complaint. Moreover, the Court should dismiss Count III as presently pled given that no "Class Action Claim" can exist here.

### C.   The Court Should Require Plaintiff to File An Amended Complaint In Conformance With Its Ruling on This Motion.

As filed, the Complaint is embedded with references to a purported Rule 23 class, which as set forth above cannot be maintained in this action. Moreover, the parties have stipulated to dismiss Count II of the Complaint. Therefore, in order to ensure that the operative pleading

7

contains only claims upon which relief can be granted, Plaintiff should be required to amend his Complaint as follows:

- Paragraphs 2, 44-55, and 69-78, and Prayer For Relief paragraphs (b), (d), (f), and (h), should be stricken; and

- the remainder of the Complaint, including the Introduction; paragraphs 9, 14-18, and 21-39, and Prayer for Relief paragraphs (c) and (e), should be restyled so as to remove any and all references to the Massachusetts Overtime Law, Fed. R. Civ. P. 23, and a "Massachusetts Class."

## IV.  Conclusion

For the foregoing reasons, Outback's Motion should be granted.

<div align="center">***</div>

Respectfully submitted,

<div style="margin-left:40%">

OS RESTAURANT SERVICES, LLC and
BLOOMIN' BRANDS, INC.,

By their counsel,

*/s/ Christopher M. Pardo*
Ellen C. Kearns, BBO #263100
  *ekearns@constangy.com*
Christopher M. Pardo, BBO #674674
  *cpardo@constangy.com*
Jonathan D. Persky, BBO #666651
  *jpersky@constangy.com*
CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
535 Boylston Street, 9th Floor
Boston, Massachusetts 02116
Tel: 617.849.7880
Fax: 617.849.7870

</div>

Dated:  May 9, 2018

<div align="center">8</div>

## CERTIFICATE OF SERVICE

I, Christopher M. Pardo, hereby certify that on May 9, 2018, a true and correct copy of the foregoing was electronically filed the foregoing with the Clerk of Court through the Court's CM/ECF system, and served upon counsel for the Plaintiff through the same.

/s/ Christopher M. Pardo
Christopher M. Pardo

9