UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------
CARLOS CHAVIRA, Individually and on  :
Behalf of All Other Persons Similarly Situated,  :   Case No.: 1:18-cv-10029
                                     :
                  Plaintiff,         :   Judge Allison D. Burroughs
                                     :
         -against-                   :
                                     :
OS RESTAURANT SERVICES, LLC and      :
and BLOOMIN' BRANDS, INC., together  :
doing business as OUTBACK STEAKHOUSE :
                                     :
                  Defendants.        :
---------------------------------------------------------------X

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR
NOTICE AND CONDITIONAL CERTIFICATION
<u>UNDER 29 U.S.C. § 216(b)</u>**

KLAFTER OLSEN & LESSER LLP
Seth R. Lesser
Fran L. Rudich
Christopher Timmel
Two International Drive
Suite 350
Rye Brook, NY 10573
Tel: (914) 934-9200
www.klafterolsen.com

SHAVITZ LAW GROUP PA
Gregg Shavitz
Michael Palitz
Logan Pardell
1515 S Federal Hwy., Suite 404
Boca Raton, FL 33432
Tel: (561) 447-8888
www.shavitzlaw.com

OUTTEN & GOLDEN LLP
Justin M. Swartz
Deidre Aaron
Jared Goldman
685 Third Avenue
New York, NY 10017
Tel: (212) 245-1000
www.outtengolden.com

FAIR WORK, P.C.
Hillary Schwab
192 South Street, Suite 450
Boston, MA 02111
Tel: (617) 607-3260
www.fairworklaw.com

Attorneys for Plaintiff

## **TABLE OF CONTENTS**

INTRODUCTION………………………………………………………………………………...1

PROCEDURAL HISTORY……………………………………………………………………….2

STATETEMENT OF FACTS……………………………………………………………………..3

I. The Parties…………………………………………………………………………...3

    A. Defendants………………………………………………………………...3

    B. Plaintiff Chavira…………………………………………………………...3

II. Outback Uniformly Classifies FOH Managers As Exempt From Overtime And Requires Significant Overtime……………………………………………………….3

    A. Outback Centrally Controls Its Restaurant Operations…………………….4

    B. FOH Managers Share the Same Non-Exempt Primary Job Duties Regardless of Location……………………………………………………5

    C. Outback Uniformly Classifies FOH Managers As Exempt………………...6

ARGUMENT……………………………………………………………………………………...6

I. The Standards for FLSA Notice and Conditional Certification…………………...6

II. Plaintiffs Exceed the Low Burden for Issuing Notice…………………………….9

III. The Court Should Authorize Plaintiff's Proposed Notice………………………..11

    A. The Notice is Accurate and Informative and Should Be approved……...11

CONCLUSION………………………………………………………………………………….13

## TABLE OF AUTHORITIES

**Cases**                                                                                              **Page(s)**

*Amador v. Morgan Stanley & Co. LLC,* No. 11 Civ. 4326,
  2013 WL 494020 (S.D.N.Y. Feb. 7, 2013) ................................................................. 8

*Craig v. Rite Aid Corp.,* No. 08-cv-2317,
  2009 U.S. Dist. LEXIS 114785 (M.D. Pa. Dec. 9, 2009) ......................................... 9

*Cunha v. Avis Budget Car Rental, LLC,*
  221 F. Supp. 3d 17 (D. Mass. 2016)…………………………………………………..8

*Destin v. World Financial Group, Inc.,* No. 13 Civ. 01092,
  (N.D. Ga. Feb. 11, 2015)……………………………………………………………...9

*Hoffmann-La Roche v. Sperling,*
  493 U.S. 165 (1989)……………………………………………………………….7, 11

*Holliday v. JS Express Inc.,* No. 12 Civ. 01732,
  2013 WL 2395333 (E.D. Mo. May 30, 2013) ......................................................... 12

*Johnson v. VCG Holding Corp.*,
  802 F. Supp. 2d 227 (D. Me. 2011) ........................................................................... 8

*Kane v. Gage Merch. Servs., Inc.*,
  138 F. Supp. 2d 212 (D. Mass. 2011) ................................................................ 7, 10

*Lapan v. Dick's Sporting Goods, Inc.,* No. 13 Civ. 11390,
  2014 WL 4206212 (D. Mass. Aug. 20, 2014) .......................................................... 7

*Lichy v. Centerline Commc'ns LLC,* No. 15 Civ. 13339,
  2018 WL 1524534 (D. Mass. Mar. 28, 2018) .......................................................... 8

*McGlone v. Contract Callers, Inc.*,
  867 F. Supp. 2d 438 (S.D.N.Y. 2012) ..................................................................... 12

*Mickles v. Country Club, Inc.*,
  887 F.3d 1270 (11th Cir. 2018) ........................................................................ *passim*

*Morgan v. Family Dollar Stores, Inc.*,
  551 F.3d 1233 (11th Cir. 2008)……………………………………………………….8

*Morris v. Lettire Constr. Corp.*,
  896 F. Supp. 2d 265 (S.D.N.Y. 2012) ..................................................................... 13

*Myers v. Hertz Corp.*,
  624 F.3d 537 (2d Cir. 2010)…………………………………………………………...2

*Parks v. Dick's Sporting Goods, Inc.*,
   2007 U.S. Dist. LEXIS 20949 (W.D.N.Y. Mar. 21, 2007) .................................................... 10

*Patton v. Thomson Corp.*,
   364 F. Supp. 2d 263 (E.D.N.Y. 2005) ................................................................................. 13

*Pendlebury v. Starbucks Coffee Co.,* No. 04 Civ. 80521,
   2005 WL 84500 (S.D. Fla. Jan. 3, 2005) ............................................................................... 8

*Perez v. Prime Steak House Rest. Corp.*,
   959 F. Supp. 2d 227 (D.P.R. 2013)………………………………………………...…12

*Prescott v. Prudential Ins. Co.*,
   729 F. Supp. 2d 357 (D. Me. 2010) ........................................................................ 7, 8, 12, 13

*Puglisi v. TD Bank, N.A.,* No. 13 Civ. 637,
   2014 WL 702185 (S.D.N.Y. Feb. 25, 2014) .......................................................................... 8

*Putnam v. Galaxy 1 Mktg., Inc.*,
   276 F.R.D. 264 (S.D. Iowa 2011) ......................................................................................... 12

*Riddle v. Suntrust Bank,* No. 08 Civ. 1411,
   2009 U.S. Dist. LEXIS 89955 (N.D. Ga. Sept. 29, 2008) ...................................................... 9

*Roberts v. TJX Cos.*,
   2017 U.S. Dist. LEXIS 49174 (D. Mass. March 31, 2017) ........................................... passim

*Rossello v. Avon Prods., Inc.,* No. 14 Civ. 1815,
   2015 WL 3890403 (D.P.R. 2015) .......................................................................................... 7

*Scovil v. FedEx Ground Package Sys., Inc.*,
   811 F. Supp. 2d 516 (D. Me. 2011) ....................................................................................... 9

*Torrezani v. VIP Auto Detailing, Inc.*,
   318 F.R.D. 548 (D. Mass. 2017) .......................................................................................... 12

*Trezvant v. Fid. Employer Servs. Corp.*,
   434 F. Supp. 2d 40 (D. Mass 2006) ....................................................................................... 8

*Wise v. Patriot Resorts Corp.,* No. 04 Civ. 30091,
   2006 WL 6110885 (D. Mass. Feb. 15, 2006) ........................................................................ 7

*Xing-Fang Huang v. DGC Rest., Inc.,* No. 14 Civ. 10096,
   2014 WL 4373190 (D. Mass. Sept. 2, 2014) ......................................................................... 7

*Yayo v. Museum of Fine Arts,* No. 13 Civ. 11318,
   2014 WL 2895447 (D. Mass. June 26, 2014) ........................................................................ 7

29 U.S.C. § 216 ........................................................................................................ 13

**INTRODUCTION**

This is a Fair Labor Standards Act ("FLSA") mid-manager misclassification case against a retail restaurant chain operation, Outback Steakhouse, which is operated by Defendants OS Restaurant Services, LLC and Bloomin' Brands, Inc., together d/b/a Outback Steakhouse (collectively, "Defendants" or "Outback"). The position at issue is that of Front of House Manager ("FOH Manager") – an assistant manager position that operates in the front end of the restaurant, among the guests and patrons, as compared to the Kitchen Manager ("KM"), which is an assistant manager position that operates in the back end of the restaurant, in the kitchen and away from the public – and the claim is that Outback wrongfully classified the FOH Managers as exempt from overtime even though the work they perform does not meet the level of managerial responsibility required by the FLSA. FOH Managers are the victims of Defendants' common illegal policy, whereby misclassified FOH Managers routinely work more than 40 hours a week, perform manual labor identical to the work performed by hourly employees, but do not get paid any overtime wages for their work.

This Court is aware of the standards for granting a motion for notice and conditional certification in a retail chain mid-manager misclassification case, having ruled on substantively the same motion for materially the same claims on behalf of assistant store managers in *Roberts v. TJX Cos.*, 2017 U.S. Dist. LEXIS 49174 (D. Mass. March 31, 2017) (Burroughs, *J.*). As set forth below, the named Plaintiff here and the eight opt-ins (referred together for this motion as "Plaintiffs" or "Declarants") meet the "modest factual showing" that supports a "preliminary finding" that the Plaintiffs are sufficiently similarly situated to meet the first tier FLSA collective action requirements. *Roberts v. TJX Cos,* 2017 U.S. Dist. LEXIS 49174 at *11 (quotations omitted). The standard is a "lenient" one and met where, as here, the plaintiffs make "some

showing that there are other employees . . . who are similarly situated with respect to their job requirements and with regard to their pay provisions, on which the criteria for many FLSA exemptions are based, who are classified as exempt pursuant to a common policy or scheme.'" *Id.* at *11-12 (*citing Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010)).

Here, based upon the declarations submitted by nine FOH Managers who worked in multiple Outback Steakhouses in eight different states, and also because it will be undeniable by Outback that the FOH Manager position has uniform job requirements across all its restaurants, that FOH Managers are classified by company policy as non-exempt, and that FOH Managers are not paid overtime, Plaintiffs have made the showing required for notice: there are other employees "who are similarly situated with respect to their job requirements and with regard to their pay provisions who are classified as exempt pursuant to a common policy or scheme." *Roberts* at *11-12.  Plaintiffs respectfully submit that notice is proper and should be judicially authorized so other FOH Managers who believe they may have similar claims can, without delay, be accorded their day in court.[1]

**PROCEDURAL HISTORY**

Plaintiff Chavira filed the Complaint on January 5, 2018, alleging that Outback violated the FLSA and Massachusetts state law by misclassifying him and other FOH managers as

---

[1] In *Roberts*, plaintiffs proceeded with first stage discovery prior to making their notice motion. However, that was driven by the unusual fact that there had been three prior decisions denying notice involving the same companies and largely the same positions. The *Roberts* plaintiffs wished to develop a more fulsome record compared to those prior cases, and used first stage discovery to support their motion with corporate documents and testimony.  However, first stage discovery is not required, as the Court recognized in *Roberts*. *See* 2017 U.S. Dist. LEXIS 49174 at *10 ("The first stage or tier, often referred to as the 'notice stage,' *ordinarily happens before discovery* when plaintiffs move for conditional certification.") (emphasis added); *see also, e.g., Mickles v. Country Club, Inc.*, 887 F.3d 1270, 1276 (11th Cir. 2018) (the notice motion "is typically filed based only on the pleadings and affidavits, and full discovery is unnecessary").  In the event that the Court finds Plaintiffs' showing on this motion insufficient, Plaintiffs, would respectfully request that they have the opportunity to proceed with first stage discovery.

exempt from overtime and by failing to pay them overtime compensation. ECF No. 1. Outback has yet to answer but has filed a motion to dismiss a single claim under Massachusetts law, not challenging Plaintiffs' FLSA claims. That motion is fully submitted and pending.

**STATEMENT OF FACTS**

**I.     The Parties**

   **A.     Defendants**

Defendant Bloomin' Brands, Inc. is one of the largest casual dining restaurant companies in the world, operating 585 company-owned Outback Steakhouse restaurants across the United States. *See* Exhibit A, Declaration of Seth R. Lesser ("Lesser Decl."), Ex. 1 (Bloomin' Brand Inc. Form 10-K, for the fiscal year ending December 31, 2017, *excerpts*) at 5-7 [2]; *see also* ECF No. 1 (Compl.) ¶ 13. Defendant OS Restaurant Services, LLC is a wholly owned subsidiary of Bloomin' Brands, Inc. ECF No. 1 (Compl.) ¶ 11. Defendants regularly employ FOH Managers, such as Plaintiff and others similarly situated, at their restaurants. *See id.* ¶ 58.

   **B.     Plaintiff Chavira**

Plaintiff Chavira worked as a FOH Manager at three different Outback locations in Massachusetts. *Id*. ¶ 8. Outback treated Plaintiff Chavira as an exempt employee, as it treated all FOH Managers, and did not pay him overtime wages for the hours he worked over 40 in a workweek. *Id*. ¶¶ 24, 31.

**II.    Outback Uniformly Classifies FOH Managers As Exempt From Overtime And Requires Significant Overtime Work.**

Outback classifies its FOH Managers as "exempt" employees not entitled to statutory overtime pay. *See* ECF No. 1 (Compl.) ¶ 62; Ex. 2 at ¶ 7; Ex. 3 at ¶ 2; Ex. 4 at ¶ 3; Ex.5 at ¶ 5;

---

[2] Exhibits 1 through 12 are attached to the accompanying Declaration of Seth R. Lesser (Exhibit A).

Ex. 6 at ¶ 3; Ex. 7 at ¶ 2; Ex. 8 at ¶ 4; Ex. 9 at ¶ 3; Ex. 10 at ¶ 3[3]. All of the Declarants regularly worked over 40 hours in a workweek. *See* ECF No. 1 (Compl.) ¶ 24; Ex. 2 at ¶ 8; Ex. 3 at ¶ 2; Ex. 4 at ¶ 3; Ex.5 at ¶ 6; Ex. 6 at ¶ 3; Ex. 7 at ¶ 3; Ex. 8 at ¶ 5; Ex. 9 at ¶ 3; Ex. 10 at ¶ 3. The Declarants also observed other FOH Managers routinely work over 40 hours in a workweek. Ex. 2 at ¶¶ 8, 14; Ex. 3 at ¶ 3; Ex. 4 at ¶ 4; Ex.5 at ¶¶ 7, 16; Ex. 6 at ¶ 4; Ex. 7 at ¶ 3; Ex. 8 at ¶ 5; Ex. 9 at ¶ 13; Ex. 10 at ¶¶ 4, 13. For these reasons, and those described immediately below, all FOH Managers are the victims of Defendants' common and illegal policies.

      **A.**      **Outback Centrally Controls Its Restaurant Operations.**

Regardless of location, each Outback restaurant offers the same dining experience: "a casual steakhouse restaurant concept focused on steaks, signature flavors and Australian décor." Ex. 1 at 5. Outback ensures that its restaurants are all run in the same way through its corporate headquarters, which sets strict policies governing labor budgeting, menu options, training, marketing and promotional strategies, hours of operation, and employee conduct. *See* Ex. 2 at ¶¶ 11-12; Ex. 3 at ¶¶ 6-9; Ex. 4 at ¶¶ 7-11; Ex.5 at ¶¶ 10-14; Ex. 6 at ¶¶ 7-11; Ex. 7 at ¶¶ 11-13; Ex. 8 at ¶¶ 9-10; Ex. 9 at ¶¶ 6-11; Ex. 10 at ¶¶ 6-10; *see also* Ex. 1 at 8 ("We utilize a global core menu policy to ensure consistency and quality in our menu offerings."); *id.* at 10 ("We take a global approach to procurement and supply chain management . . . .").

Each Outback location has a Managing Partner who has "primary responsibility for the day-to-day operation of the restaurant and is required to follow Company-established operating standards." Ex. 1 at 9; Ex. 2 at ¶ 12; Ex. 3 at ¶ 10; Ex. 4 at ¶¶ 7, 12; Ex.5 at ¶¶ 10, 15; Ex. 6 at ¶¶

---

[3] Exhibits 2 through 10 to the Lesser Declaration are declarations from each of the nine Plaintiffs: Plaintiff Carlos Chavira (Ex. 2), plus Opt-in Plaintiffs Chapman (Ex. 3), Corea (Ex. 4), Matthews (Ex. 5), Pierce (Ex. 6), Quesada (Ex. 7), Sowers (Ex. 8), Thomas (Ex. 9), and Thompson (Ex. 10).

8, 12; Ex. 7 at ¶ 4; Ex. 8 at ¶¶ 8, 12; Ex. 9 at ¶¶ 5, 11; Ex. 10 at ¶ 11.  Outback also employs Area Operating Partners, who "are responsible for overseeing the operations of typically six to 12 restaurants and Restaurant Managing Partners in a specific region." Ex. 1 at 9.  "Managing Partners and Area Operating Partners, together with [Outback's] Presidents, Regional Vice Presidents, Vice Presidents of Training and Directors of Training, are responsible for selecting and training the employees for each new restaurant." *Id*.

      **B.**    **FOH Managers Share the Same Non-Exempt Primary Job Duties Regardless of Location.**

FOH Managers' job duties, regardless of where they work, center on performing customer service, food and drink preparation, and cleaning tasks.  Although the precise contours of what they do as exempt versus non-exempt in terms of primary duty is a merits issue beyond the scope of the present motion, all the Declarants similarly assert that their primary duties include cooking, washing dishes, prepping, expediting and serving food, seating guests, taking orders, cleaning and bussing tables, answering the phone, entering take-out orders, working the cash register, bartending and preparing drink orders, performing repairs, and taking inventory. *See* ECF No. 1 (Compl.) ¶ 28; Ex. 2 at ¶ 9; Ex. 3 at ¶ 4; Ex. 4 at ¶ 5; Ex.5 at ¶ 8; Ex. 6 at ¶ 5; Ex. 7 at ¶ 7; Ex. 8 at ¶ 6; Ex. 9 at ¶ 4; Ex. 10 at ¶ 5.

At each Outback location, a Managing Partner has responsibility for managing the restaurant and has ultimate authority over hiring, firing, scheduling, and conducting employees' performance reviews. *See* Ex. 2 at ¶ 12; Ex. 3 at ¶ 10; Ex. 4 at ¶ 12; Ex.5 at ¶ 15;  Ex. 6 at ¶ 12; Ex. 7 at ¶¶ 4-6 ; Ex. 8 at ¶ 12; Ex. 9 at ¶ 11; Ex. 10 at ¶ 11; *see also* Ex. 11 (Managing Partner Job Postings) (copies of job postings for the Managing Partner position from four states, each describing the role as "an extremely hands-on management position"); Ex. 1 at 9 ("The Restaurant Managing Partner has primary responsibility for the day-to-day operation of the

5

restaurant and is required to follow Company-established operating standards."); *id.* ("Managing Partners and Area Operating Partners, together with [Outback's] Presidents, Regional Vice Presidents, Vice Presidents of Training and Directors of Training, are responsible for selecting and training the employees for each new restaurant."). Although FOH Managers perform some low-level "managerial duties," such as inputting data for schedules, paying invoices, or participating in the interview process, these responsibilities take up only a small part of FOH Managers' work time. *See* Ex. 2 at ¶ 13; Ex. 3 at ¶ 11; Ex. 4 at ¶ 13; Ex.5 at ¶ 15; Ex. 6 at ¶ 12; Ex. 7 at ¶ 5; Ex. 8 at ¶ 11; Ex. 9 at ¶ 11; Ex. 10 at ¶ 12.

FOH Managers' primary job duties do not vary from restaurant to restaurant and FOH Managers require no additional training when moving from one restaurant to another. For example, Plaintiff Chavira worked as a FOH Manager at three Outback locations but received no new or additional training upon transferring to a new location, and performed the same duties in each location. Ex. 2 at ¶ 17; *see also* Ex. 3 at ¶ 12; Ex. 4 at ¶ 15; Ex.5 at ¶ 3; Ex. 6 at ¶ 14; Ex. 10 at ¶ 14.

   **C.**  **Outback Uniformly Classifies FOH Managers As Exempt.**

As noted, Outback classifies all FOH Managers as exempt from overtime under the FLSA and state laws, without regard to the restaurant location in which they work. *See* pp. 3-6, *supra*. As a result, Outback does not pay its FOH Managers overtime for the many hours they regularly work over 40 in a workweek. *Id.*; ECF No. 1 (Compl.) ¶¶ 9, 20, 24.

## ARGUMENT

**I.**  <u>**The Standards for FLSA Notice and Conditional Certification.**</u>

As this Court is aware, notice of the pendency and conditional certification of a FLSA collective action is the mechanism courts have universally adopted that allows victimized

workers to lower individual costs by pooling resources and enable the "efficient resolution in one proceeding of common issues of law and fact." *Hoffmann-La Roche v. Sperling,* 493 U.S. at 170.

Prompt notice effectuates the FLSA's remedial goals because it enables affected employees to learn about the lawsuit, become participants in it, and stop the running of the statute of limitations. *See Roberts*, 2017 U.S. Dist. LEXIS 49174 at *8-9; *accord, e.g., Yayo v. Museum of Fine Arts*, No. 13 Civ. 11318, 2014 WL 2895447, at *3 (D. Mass. June 26, 2014) (citing *Johnson v. VCG Holding Corp.*, 802 F. Supp. 2d 227, 233-234 (D. Me. 2011)); *Prescott v. Prudential Ins. Co.*, 729 F. Supp. 2d 357, 363 n.7, 364, 370-71 (D. Me. 2010); *Wise v. Patriot Resorts Corp.*, No. 04 Civ. 30091, 2006 WL 6110885, at *1 (D. Mass. Feb. 15, 2006).

As elsewhere, courts within this Circuit apply a two-tier process of notice and conditional certification followed by a second stage of merits discovery leading to potential final certification and decertification motions. *Roberts*, 2017 U.S. Dist. LEXIS 49174 at *11-12 (citing cases and explicating process); *see also, e.g., Lapan v. Dick's Sporting Goods, Inc.*, No. 13 Civ. 11390, 2014 WL 4206212, at *1 (D. Mass. Aug. 20, 2014) (certifying nationwide mid-manager misclassification collective). At this, the "notice stage," a "lenient standard" is applied. *Roberts*, 2017 U.S. Dist. LEXIS 49174 at *10-11; *accord*, *e.g.*, *Rossello v. Avon Prods., Inc.*, No. 14 Civ. 1815, 2015 WL 3890403, at *3 (D.P.R. 2015) ("Given this light burden, the court's analysis typically results in conditional certification.") (quoting *Prescott*, 729 F. Supp. 2d at 364) (internal quotation marks omitted)); *Xing-Fang Huang v. DGC Rest., Inc.*, No. 14 Civ. 10096, 2014 WL 4373190, at *3 (D. Mass. Sept. 2, 2014) ("The standard for conditional class certification under the FLSA is not a demanding one.").

At the notice stage, the showing is usually met by the pleadings and affidavits. *See* page 2 n.1; *see also, e.g., Kane v. Gage Merch. Servs., Inc.*, 138 F. Supp. 2d 212, 214 (D. Mass. 2011). There must be "some showing that there are other employees . . . who are similarly situated with respect to their job requirements and with regard to their pay provisions, on which the criteria for many FLSA exemptions are based, who are classified as exempt pursuant to a common policy or scheme." *Roberts*, 2017 U.S. Dist. LEXIS 49174 at *11-12 (quotation omitted); *accord Trezvant v. Fid. Employer Servs. Corp.*, 434 F. Supp. 2d 40, at 45 (D. Mass 2006); *see also Lichy v. Centerline Commc'ns LLC*, No. 15 Civ. 13339, 2018 WL 1524534, at *3 (D. Mass. Mar. 28, 2018) (ADB) ("The plaintiff need only show that there is some factual support—as opposed to mere allegations—that the potential plaintiffs are similarly situated.") (quoting *Cunha v. Avis Budget Car Rental, LLC*, 221 F. Supp. 3d 178, 182 (D. Mass. 2016)) (internal quotation marks and alterations omitted)). In considering the motion, "courts do not need to make any findings of fact with respect to contradictory evidence presented by the parties or make any credibility determinations with respect to the evidence presented." *Roberts*, 2017 U.S. Dist. LEXIS 49174 at *11 (quotation omitted); *accord Trezvant*, 434 F. Supp. 2d at 43. That is why if there is a "reasonable basis for [the plaintiff's] claim that there are other similarly situated employees," notice should issue. *Prescott*, 729 F. Supp. 2d at 364 (internal quotations and citation omitted).[4]

---

[4] This also is why any affidavits or declarations Outback may submit in opposition to this motion to challenge what Mr. Chavira or other FOH Managers actually did on the job should be disregarded. Courts refuse to consider such "happy camper" testimony from witnesses, who are frequently captive, current employees. *See Johnson v. VCG Holding Corp.*, 802 F. Supp. 2d 227, 236 (D. Me. 2011) (granting conditional certification notwithstanding that affidavits proffered by employer "suggest that the experiences and duties of [employees] were hardly uniform," and ruling that "these differences are best considered at the second stage after discovery has provided 'a more extensive and detailed factual record'") (quoting *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1261 (11th Cir. 2008)); *see also Puglisi v. TD Bank, N.A.*, No. 13 Civ. 637, 2014 WL 702185, at *5 (S.D.N.Y. Feb. 25, 2014) (defendant's affidavits did not increase the plaintiff's "extraordinarily low" burden at the notice stage); *Amador v. Morgan Stanley & Co. LLC*, No. 11

Finally, it is at the second stage, after completing merits and opt-in representative discovery, that the Court will make a determination whether the case should proceed to trial as a collective action. *Roberts*, 2017 U.S. Dist. LEXIS 49174 at *10-11 (citing cases). If, given all the evidence after completion of discovery, the Court determines the Plaintiff and collective members are not sufficiently similarly situated to continue on a unitary basis, the Court may decertify the case. *Id.*

## II.     Plaintiffs Exceed the Low Burden for Issuing Notice.

Plaintiffs easily meet their burden for notice and conditional certification. Through the declarations from ten FOH Managers who worked in eight different states, they "satisfy[y their] modest burden for conditional certification by presenting evidence that allows the Court to plausibly infer that there may well be putative plaintiffs who will choose to opt-in that are similarly situated to the Plaintiffs," including the specific points analyzed by this Court in *Roberts*: "(1) that they sometimes worked in excess of 40 hours per week, (2) that they were classified by Defendants as nonexempt for FLSA purposes, (3) that they were not paid overtime, (4) that they performed nonexempt work, and (5) that they had similar job requirements." The evidence here is more than what has been sufficient for notice to issue in other, similar FLSA cases.[5]

---

Civ. 4326, 2013 WL 494020, at *8 (S.D.N.Y. Feb. 7, 2013) (declining to rely on the uncross-examined "statements gathered by an employer from its current employees" and noting that they "are of limited evidentiary value in the FLSA context because of the potential for coercion"); *Pendlebury v. Starbucks Coffee Co.*, No. 04 Civ. 80521, 2005 WL 84500, at *3 (S.D. Fla. Jan. 3, 2005) (defendant's competing affidavits "raise[d] factual matters not appropriate for consideration at th[e] notice stage of the litigation").

[5] *See, e.g., Scovil v. FedEx Ground Package Sys., Inc.*, 811 F. Supp. 2d 516, 519-20 (D. Me. 2011) (granting conditional certification based on affidavit testimony of six drivers that they were required to wear Fed Ex uniforms, report to a FedEx terminal and terminal manager, drive a vehicle displaying the FedEx logo, and "were paid according to common policies and practices); *see also, e.g., Destin v. World Financial Group, Inc.*, No. 13 Civ. 01092 [ECF Doc. 197] (N.D.

As to element (1), all the Declarants agree that they routinely worked over 40 hours a week. *See* Ex. 2 at ¶ 8; Ex. 3 at ¶ 2; Ex. 4 at ¶ 3; Ex.5 at ¶ 6; Ex. 6 at ¶ 3; Ex. 7 at ¶ 3; Ex. 8 at ¶ 5; Ex. 9 at ¶ 3; Ex. 10 at ¶ 3. As to elements (2) and (3), all the Declarants agree that they were classified as exempt and were not paid overtime, and therefore, at least as to a substantial number of FOH Managers, Outback has a uniform compensation policy to classify FOH Managers as exempt employees and not pay them overtime. *See* ECF No. 1 (Complaint) ¶¶ 24, 31, 62; Ex. 2 at ¶ 7; Ex. 3 at ¶ 2; Ex. 4 at ¶ 3; Ex.5 at ¶ 5; Ex. 6 at ¶ 3; Ex. 7 at ¶ 2; Ex. 8 at ¶ 4; Ex. 9 at ¶ 3; Ex. 10 at ¶ 3; *see also Kane*, 138 F. Supp. 2d at 215 ("The record thus suggests that the Defendants had a policy of treating at least some of a discrete class of employees (i.e. Crew Coordinators) as exempt from the FLSA overtime requirements. That showing is sufficient for this Court to determine that a 'similarly situated' group of potential plaintiffs exists given the adopted lenient standard for court-facilitated notice."), *quoted* at *Roberts*, 2017 U.S. Dist. LEXIS 49174 at *22. In addition, across the country, Outback uses the same job posting for the FOH position, another indicia supporting notice. *See* Ex. 12 (FOH Manager job postings from 24 states); see also *Parks v. Dick's Sporting Goods, Inc.*, 2007 U.S. Dist. LEXIS 20949 (W.D.N.Y. Mar. 21, 2007) (affirming conditional certification of 35-state, 275 store collective action of "Golf Pros" based upon affidavits from five employees, a job posting, and an organizational chart).

---

Ga. Feb. 11, 2015) (seven opt-ins from four states sufficient for company-wide collective action for 340,000 allegedly misclassified associates); *Craig v. Rite Aid Corp.*, 08-cv-2317, 2009 U.S. Dist. LEXIS 114785 (M.D. Pa. Dec. 9, 2009) (conditional certification of nationwide FLSA collective of over 8,000 Rite Aid ASMs, except those in California, based on plaintiff's pleadings, uniform job advertisements and affidavits (no depositions) from ASMs); *Riddle v. Suntrust Bank*, No. 08 Civ. 1411, 2009 U.S. Dist. LEXIS 89955 at *3 (N.D. Ga. Sept. 29, 2008) (three opt-ins (collectively representing three different facilities in Georgia, Tennessee, and Florida) sufficient for conditional certification covering 1700 bank locations).

As to elements (4) & (5), all of the Declarants testify that they spent nearly all of their working hours performing similar non-exempt tasks that hourly employees also performed. *See* Statement of Facts, *supra* at 3-6; *see also* Ex. 2 at ¶ 9; Ex. 3 at ¶ 4; Ex. 4 at ¶ 5; Ex.5 at ¶ 8; Ex. 6 at ¶ 5; Ex. 7 at ¶ 7; Ex. 8 at ¶ 6; Ex. 9 at ¶ 4; Ex. 10 at ¶ 5. They also testify that their duties did not vary when they were transferred from store to store, they performed the same work regardless of location or who the Managing Partner was, and no additional job training was required when the company transferred FOH Managers. *See* Statement of Facts, *supra* at 3-6; *see also* Ex. 2 at ¶¶15-17; Ex. 3 at ¶ 12; Ex. 4 at ¶¶ 14-15; Ex.5 at ¶¶ 16-17; Ex. 6 at ¶ 14; Ex. 7 at ¶9; Ex. 9 at ¶ 14; Ex. 10 at ¶¶ 14-15. They also testify that they have personal knowledge that other FOH Managers also performed similar non-exempt work. Ex. 2 at ¶ 14; Ex. 3 at ¶ 5; Ex. 4 at ¶ 6; Ex.5 at ¶ 7; Ex. 6 at ¶¶ 4, 6; Ex. 7 at ¶ 10; Ex. 8 at ¶¶ 5, 7; Ex. 9 at ¶ 13; Ex. 10 at ¶ 4.

### III.  The Court Should Authorize Plaintiff's Proposed Notice.

#### A.  The Notice Is Accurate and Informative and Should Be Approved.

The Court should approve Plaintiff's proposed Notice and Consent to Join Form, which are attached as Exhibit 13. This form of notice and consent is materially the same as that approved by the Court in *Roberts v. TJX Corp.*, which was a form reached after the Court had had to rule upon disputed points of contents and dissemination. *See Roberts*, Case No. 13 Civ. 13142-ADB, ECF Doc. 209 (Order dated 07/14/17). The Notice is "accurate" and "informative," *see Hoffmann-La Roche*, 493 U.S. at 172, and would go to FOH Managers within the statute of limitations. While in *Roberts*, the statute of limitations was three years prior to the date that Plaintiff filed the motion, in this case the notice should be sent to all FOH Managers who have worked in that position since January 16, 2013, because on January 16, 2016, Outback, through counsel, signed a tolling agreement for the FOH Manager position. As discussed in greater detail in the accompanying Declaration of Justin M. Swartz (Exhibit B), Opt-In Plaintiff Shona

Burguiere and Defendants are parties to a tolling agreement signed in January 2016. This tolling agreement tolled the FLSA claims of Ms. Burguiere and other Front of House Managers.[6] That toll remains in effect.[7]

As the Court approved in *Roberts*, the manner of dissemination should be by first class mail, with a reminder notice, and potential collective members should be permitted return of consent forms by mail, by electronic submission through a website, by e-mail, fax, and text. In addition, as has become prevalent, Plaintiff submits that notice should also be provided by email. In order to facilitate notice, Plaintiff requests that the Court order Outback to produce the names, last known mailing addresses, last known telephone numbers, last known personal and work email addresses, dates of employment, and work locations for all collective members, and the last four digits of social security numbers for those members whose notices are returned as undeliverable. The production of such information is standard in FLSA cases. *See, e.g.*,

---

[6] The parties to this litigation engaged in settlement discussions throughout 2018, which proved unsuccessful. At an in-person session, the parties agreed to a separate toll of the statute of limitations for FOH Managers covered by this action. If the Court rules that the January 2016 tolling agreement (as discussed in the Swartz Declaration) does not apply to this action, it should extend the statutory FLSA collective period to March 12, 2015, which is three-years from the date of the agreed-upon toll in the current litigation.

[7] As the Court may recall from the *Roberts* case, notice is sent to potential collective members who worked up to three years prior to the time of the motion for notice, and for tolling during the pendency of such motion. *See, e.g., Perez v. Prime Steak House Rest. Corp.*, 959 F. Supp. 2d 227, 230, 232 (D.P.R. 2013) (ordering production of names and contact information for potential collective members employed at defendant's restaurant "at any point in the three years prior to the entry of the Complaint"); *Holliday v. JS Express Inc.*, No. 12 Civ. 01732, 2013 WL 2395333, at *8 (E.D. Mo. May 30, 2013) (tolling the statute of limitations for the period from the date of the filing of the motion for conditional certification through the commencement of the notice period); *McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438, 445 (S.D.N.Y. 2012) ("[T]he delay caused by the time required for a court to rule on a motion, such as one for certification of a collective action in a FLSA case, may be deemed an extraordinary circumstance justifying application of the equitable tolling doctrine.") (citation and internal quotation marks omitted); *Putnam v. Galaxy 1 Mktg., Inc.*, 276 F.R.D. 264, 276 (S.D. Iowa 2011) (tolling statute of limitations from filing of plaintiffs' conditional certification motion to start of notice period).

*Torrezani v. VIP Auto Detailing, Inc.*, 318 F.R.D. 548, 558 (D. Mass. 2017); *Prescott*, 729 F. Supp. 2d at 371; *Patton v. Thomson Corp.*, 364 F. Supp. 2d 263, 268 (E.D.N.Y. 2005). Providing contact information is consistent with "the goals of the notice: to make as many potential plaintiffs as possible aware of this action and their right to opt in[.]" *Morris v. Lettire Constr. Corp.*, 896 F. Supp. 2d 265, 273 (S.D.N.Y. 2012) (internal quotation marks and citation omitted).

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully submit that the Court should grant this Motion, under 29 U.S.C. § 216(b), so other Outback FOH Managers can be promptly notified of their right to join this lawsuit.

Dated: February 13, 2019                                        Respectfully submitted,

                                                                s/ Fran L. Rudich
**SHAVITZ LAW GROUP PA**                                        **KLAFTEROLSER & LESSER LLP**
Gregg I. Shavitz*                                               Fran L. Rudich
Michael Palitz*                                                 Seth R. Lesser*
Logan Pardell*                                                  Christopher Timmel*
1515 S Federal Hwy., Suite 404                                  Two International Drive, Suite 350
Boca Raton, FL. 33432                                           Rye Brook, NY 10573
Telephone: (561) 447-8888                                       Telephone: (914) 934-9200

**FAIR WORK, P.C.**                                             **OUTTEN & HOLDEN LLP**
Hillary Schwab                                                  Justin M. Swartz*
192 South Street, Suite 450                                     Deirdre Aaron*
Boston, MA. 02111                                               Jared Goldman*
600 Old Country Road, Suite 519                                 685 Third Avenue, 25th Floor
Telephone: (617) 607-3260                                       New York, NY 10017
                                                                Telephone: (212) 245-1000

\* Admitted *Pro Hac Vice*