UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CARLOS CHAVIRA, *Individually and on Behalf of All Other Persons Similarly Situated*, <br><br> Plaintiff, <br><br> v. <br><br> OS RESTAURANT SERVICES, LLC and BLOOMIN' BRANDS, INC., <br><br> Defendants. | Civil Action No. 18-cv-10029-ADB |

### MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS

BURROUGHS, D.J.

Plaintiff Carlos Chavira filed this action against Defendants OS Restaurant Services, LLC and Bloomin' Brands, Inc., together doing business as Outback ("Defendants"), asserting violations of the overtime provisions of the Fair Labor Standards Act ("FLSA") and the payment frequency provisions of the Massachusetts Wage Act. [ECF No. 1 ¶¶ 56–68, 79–84]. The parties stipulated to the dismissal of Count II of the Complaint, which alleged a violation of Massachusetts' overtime law. [ECF No. 20]. Defendants have now moved to dismiss Count III of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and to strike all remaining allegations in the Complaint concerning Rule 23. [ECF No. 21]. For the reasons set forth below, Defendants' motion to dismiss is GRANTED, and Plaintiff is directed to file an amended complaint consistent with this order.

### I.     BACKGROUND

The following facts are drawn from the Complaint, the well-pleaded allegations of which are taken as true for the purposes of evaluating the motion to dismiss. See Ruivo v. Wells Fargo Bank, N.A., 766 F.3d 87, 90 (1st Cir. 2014). Plaintiff was employed from November 2011 to

March 2016 by OS Restaurant Services, a wholly-owned subsidiary of Bloomin' Brands, to work at Outback restaurants in Massachusetts. [ECF No. 1 ¶¶ 8, 10–11]. Plaintiff primarily held the role of Front of House ("FOH") Manager during this time. [Id. ¶ 8]. Job duties for FOH Managers included customer service, food and drink preparation, cleaning, and other manual labor. [Id. ¶¶ 28, 30]. FOH Managers did not have managerial responsibilities, or direct the work of other employees, and they were not responsible for hiring, firing, or disciplining employees. [Id. ¶¶ 27, 29–30]. General Managers present in the Outback restaurants at the time observed FOH Managers doing their jobs and saw them performing manual labor and other non-managerial tasks. [Id. ¶ 34]. FOH Managers, including Plaintiff, regularly worked more than 40 hours a week and did not receive overtime wages. [Id. ¶ 24]. Defendants have records of the number of shifts Plaintiff and other FOH Managers worked each week, but do not have accurate time records for Plaintiff and other FOH Managers who were not allowed to record all hours worked. [Id. ¶¶ 25, 38].

On May 9, 2018, Defendants filed the instant motion to dismiss Count III of the Complaint, which alleges a violation of the Massachusetts Wage Act ("Wage Act"), Mass. Gen. Laws ch. 149, §§ 148, 150, and is brought as a putative class action under Rule 23, and to strike all Rule 23 allegations. [ECF No. 22]. Plaintiff filed an opposition on June 6, 2018. [ECF No. 25].

## II.  MOTION TO DISMISS

### A.  Standard of Review

On a motion to dismiss for failure to state a claim, the Court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences in the light most favorable to the plaintiff. United States ex rel. Hutcheson v. Blackstone Med., Inc., 647 F.3d 377, 383 (1st

Cir. 2011). While detailed factual allegations are not required, the complaint must set forth "more than labels and conclusions," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), and it must contain "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (citations omitted). The facts alleged, taken together, must "state a claim to relief that is plausible on its face." A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir. 2013) (quoting Twombly, 550 U.S. at 570). Assessing the plausibility of a claim is a two-step process:

> First, the court must sift through the averments in the complaint, separating conclusory legal allegations (which may be disregarded) from allegations of fact (which must be credited). Second, the court must consider whether the winnowed residue of factual allegations gives rise to a plausible claim to relief.

Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49, 53 (1st Cir. 2013) (citation omitted). "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." Id. (quoting SEC v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010) (en banc)).

**B. Discussion**

Count III of the Complaint alleges that Defendants violated the Wage Act by "failing to pay all compensation owed to Plaintiff within six days after the end of the pay period during which the wages were earned." [ECF No. 1 ¶ 81]. Plaintiff seeks to pursue Count III as a class action. [Id. ¶ 44]. The wages that Plaintiff argues were earned, but not paid, are overtime wages due to him and other FOH Managers under the FLSA. [ECF No. 25 at 2]. Because Plaintiff and other FOH Managers are restaurant workers and therefore exempt from the Massachusetts state

law governing overtime pay, see Mass. Gen. Laws ch. 151, § 1A(14), any claim to overtime pay by Plaintiff or any putative class member stems from the FLSA, see 29 U.S.C. § 207.[1]

The issue before the Court is whether Plaintiff can maintain a class action under the Wage Act for an employer's failure to pay FLSA overtime wages in a timely manner. Defendants argue that Plaintiff's Wage Act claim is "wholly derivative" of his FLSA overtime claim and, for that reason, cannot be brought as a class action under Rule 23. [ECF No. 22 at 2, 5]. Plaintiff responds that courts have recognized that employers are liable under the Wage Act for failure to pay overtime wages due under the FLSA. [ECF No. 25 at 4]. Plaintiff further asserts that the availability of FLSA remedies does not make Rule 23 inapplicable and refutes Defendants' position that the Wage Act claim is "premised" on the FLSA. [Id. at 3–4]. The Court concludes that while individual Wage Act claims are not duplicative of FLSA claims, and are thus not preempted, class Wage Act claims may not be maintained where they are dependent on the underlying FLSA claim, and as such would improperly circumvent the opt-in collective action procedures of the FLSA.

### 1. The Wage Act May Be Used in Individual Actions to Recover Overtime Wages Owed Under the FLSA

The First Circuit has considered, but not decided, whether the FLSA preempts individual state law wage claims analogous to the claim presented here. In Roman v. Maietta Construction, the First Circuit observed that "the FLSA is the exclusive remedy for enforcement of rights created under the FLSA" and that a plaintiff may not "circumvent the exclusive remedy prescribed by Congress by asserting equivalent state claims in addition to the FLSA claim." 147 F.3d 71, 76 (1st Cir. 1998) (citing Tombrello v. USX Corp., 763 F. Supp. 541, 544–45 (N.D.

---

[1] This order concerns only Count III of the Complaint and does not address the merits of Plaintiff's FLSA claim.

Ala. 1991)). The Roman holding, however, does not clearly control here where the relevant section of the Wage Act, which concerns the timeliness of wages paid under state and federal law, is not an equivalent claim.[2]

Other courts have echoed the First Circuit in its observation that the FLSA is the exclusive remedy of rights created under the FLSA. See Anderson v. Sara Lee Corp., 508 F.3d 181, 194 (4th Cir. 2007) ("Congress prescribed exclusive remedies in the FLSA for violations of its mandates."); Nimmons v. RBC Ins. Holdings (USA) Inc., No. 6:07-CV-2637, 2007 WL 4571179, at *2 (D.S.C. Dec. 27, 2007) ("[F]ederal courts in South Carolina and throughout the country that have addressed the issue have routinely held that the exclusive remedies available to an employee to enforce legal rights created by the FLSA are the statutory remedies provided therein.") (citations omitted).

While courts generally agree that state law claims that precisely duplicate FLSA claims are preempted, there are two schools of thought as to whether a state law wage timeliness claim is actually duplicative of the minimum wage and overtime provisions of the FLSA.[3] One set of case law holds that state law wage timeliness claims are duplicative of FLSA claims and thus

---

[2] In Roman v. Maietta Construction, the plaintiff argued that the District of Maine erred when it did not grant him any remedies for a violation of 26 Me. Rev. Stat. Ann. § 621, which requires an employer to "pay weekly each employee engaged in its business the wages earned by the employee within 8 days of the date of that payment." 147 F.3d 71, 76 (1st Cir. 1998). The First Circuit affirmed the District of Maine for two reasons. First, the plaintiff had not raised a claim under § 621; he had only alleged claims under 26 Me. Rev. Stat. Ann. §§ 664 and 670 for minimum wage and overtime pay violations. Id. Second, once the plaintiff had received compensation under the FLSA for minimum wage and overtime pay violations, he could not recover again for equivalent claims under Maine law. Id.

[3] A limited strain of case law from the Eighth Circuit addressing the Iowa Wage Payment Collection Law falls into a third category: cases that find wage timeliness claims are duplicative of FLSA claims but not preempted. See, e.g., Bouaphakeo v. Tyson Foods, Inc., 564 F. Supp. 2d 870, 886 (N.D. Iowa 2008) (holding that plaintiffs' state claim under the IWPCL was duplicative of FLSA claim but not preempted by the FLSA).

5

preempted. See, e.g., Fuller v. Wyndham Vacation Resorts, Inc., No. 4:16-CV-1476-PMD, 2016 WL 3688786, at *2 (D.S.C. July 12, 2016) (holding that claims for overtime wages, minimum wage, and related failure to pay "all wages due and payable" were duplicative of FLSA claim and preempted because they "would simply duplicate [plaintiff's] FLSA claims" but allowing state law claim for commissions and timeliness of commission payments); Chavez v. Besie's Corp., No. GJH-14-1338, 2014 WL 5298032, at *4 (D. Md. Oct. 10, 2014) (holding that plaintiff's overtime claims under the Maryland Wage Payment and Collection Law were duplicative of FLSA claim and preempted because they were "based exclusively on the failure to pay the wage rate set out in the FLSA"). The other set of case law concludes that state law wage timeliness claims are not duplicative of FLSA claims and are not preempted. See, e.g., Luna-Reyes v. RFI Constr., LLC, 109 F. Supp. 3d 744, 752–53 (M.D.N.C. 2015) (holding that claim under N.C. Gen. Stat § 95-25.6, which requires employers to "pay every employee all wages and tips accruing to the employee on the regular payday," was not duplicative of FLSA claim and not preempted); McMurray v. LRJ Rests., Inc., No. 4:10-CV-01435-JMC, 2011 WL 247906, at *2 (D.S.C. Jan. 26, 2011) (holding that claim for "failure to pay wages when due" was "separate and distinct" from FLSA claim and not preempted).

Case law in this district aligns with the second school of thought. At least two cases have concluded that individual Wage Act claims premised exclusively on FLSA violations are not duplicative of FLSA claims and not preempted. See Lambirth v. Advanced Auto, Inc., 140 F. Supp. 3d 108, 110–13 (D. Mass. 2015); Carroca v. All Star Enters. & Collision Ctr., Inc., No. CIV.A. 12-11202-DJC, 2013 WL 3496537, at *3–4 (D. Mass. July 10, 2013). In Lambirth v. Advanced Auto, the plaintiff, who was exempt from the Massachusetts overtime law, brought a Section 148 claim based on his employer's failure to pay overtime wages due under the FLSA.

See 140 F. Supp. 3d at 110. The defendants moved to dismiss the Wage Act claim and argued that it was improper for the plaintiff to use the Wage Act to recover overtime wages not due under state law. See id. The court denied the motion to dismiss and concluded that Section 148's provisions applied to wages owed under either state or federal law. See id. at 110–11, 113 ("[T]here is nothing in the language of the [Wage Act] or the plain meaning of its terms to suggest that it does not encompass overtime differential to which an employee is entitled under federal law."). Similarly, in Carroca v. All Star Enterprises and Collison Center, the plaintiff brought a Section 148 claim for non-payment of FLSA overtime wages. See 2013 WL 3496537, at *1. Like the Lambirth plaintiff, the Carroca plaintiff was exempt from the Massachusetts overtime provisions and could only recover overtime pay under the FLSA. See id. at *3. On a motion for summary judgment, the court found that the defendants were liable under Section 148 for failure to pay overtime wages owed only under the FLSA. See id.

This Court finds the reasoning of both Lambirth and Carroca sound and agrees with the parties that the Wage Act may be used by individual plaintiffs to hold employers accountable for failure to pay overtime wages due only under the FLSA. See [ECF No. 25 at 2 n.1].

### 2. A Rule 23 Class Action May Not Be Maintained for a Wage Act Claim Based Only on Failure to Pay FLSA Wages

The FLSA clearly states that actions brought for violations of its provisions may not be brought as class actions under Rule 23 and must instead be brought as collective actions pursuant to Section 216. See 29 U.S.C. § 216(b); Keller-Brittle v. Collecto Inc., No. 18-CV-11836-ADB, 2018 WL 6199568, at *2 (D. Mass. Nov. 28, 2018) (quoting Cunha v. Avis Budget Car Rental, LLC, 221 F. Supp. 3d 178, 181 (D. Mass. 2016)). Section 216, however, does not foreclose all state class actions alleging wage claims in conjunction with federal claims. Courts have generally accepted that where a plaintiff has independent claims under both state and federal law,

he may seek to certify a Rule 23 class for the independent state-law claim in conjunction with seeking certification of a collective action under the FLSA. See, e.g., Torrezani v. VIP Auto Detailing, Inc., 318 F.R.D. 548, 552 (D. Mass. 2017); see also infra at 8–9 & n.4 (addressing body of case law allowing independent claims to proceed as class and collective actions). Consistent with this, there is no dispute that Wage Act claims may generally be brought as Rule 23 class actions. See Mass. Gen. Laws ch. 149, § 150.

Relying on this case law, Plaintiff argues that "[t]he availability of FLSA remedies in this case . . . does not render Rule 23 inapplicable for Plaintiff's Wage Act claim." See [ECF No. 25 at 3]. This argument, however, misses the point. Plaintiff's ability to proceed under Rule 23 is not foreclosed by the fact that FLSA remedies may be available to Plaintiff, but rather because his Wage Act claim is wholly dependent on his FLSA claim.

Plaintiff cites to a number of cases that have allowed class and collective actions to proceed concurrently, but all of these cases involve independent state and federal claims and are thus not relevant here. See [ECF No. 25 at 6–8 & nn. 3, 4][4]. While some of Plaintiff's cases do allege violations of wage procedure laws, which might be considered analogous to the Wage Act claim presented here, all of those cases assert independent federal and state theories of liability,

---

[4] See, e.g., McCormick v. Festiva Dev. Grp., LLC, No. 09-365-P-S, 2010 WL 582218, at *1 (D. Me. Feb. 11, 2010) (seeking minimum wage and overtime pay due under both the FLSA and Maine law), adopted by, No. 09-365-P-S, 2010 WL 1064668 (D. Me. Mar. 18, 2010); Damassia v. Duane Reade, Inc., 250 F.R.D. 152, 154 (S.D.N.Y. 2008) (alleging claims for overtime wages under both the FLSA and New York Labor Law); McLaughlin v. Liberty Mut. Ins. Co., 224 F.R.D. 304, 306 (D. Mass. 2004) (alleging claims under both the FLSA and Massachusetts' overtime law); Breeden v. Benchmark Lending Grp., Inc., 229 F.R.D. 623, 626 (N.D. Cal. 2005) (alleging claims for overtime wages and minimum wage under both the FLSA and California labor laws); Scott v. Aetna Servs., Inc., 210 F.R.D. 261, 263 (D. Conn. 2002) (alleging claims for overtime wages under the FLSA and the Connecticut Minimum Wage Act); Beltran-Benitez v. Sea Safari, Ltd., 180 F. Supp. 2d 772, 773 (E.D.N.C. 2001) (alleging FLSA overtime claim and state law claim that defendants improperly deducted certain wage amounts from plaintiffs' paychecks without notification).

8

rendering the wage procedure claim independent of the FLSA claim.[5] In fact, among the many case citations provided in the briefing, the parties have not presented any federal case allowing a Rule 23 class action for a state law claim that is dependent on a FLSA claim.[6] This Court has found only one such case.[7]

---

[5] See DeKeyser v. Thyssenkrupp Waupaca, Inc., 589 F. Supp. 2d 1026, 1029 (E.D. Wis. 2008) (alleging violation of FLSA overtime law, violation of Wisconsin overtime law, violation of Wisconsin minimum wage law, failure to pay all wages when due under Wisconsin law, and breach of contract); Compl. at 8, Ramirez v. RDO-BOS Farms, LLC, No. CIV 06-174-KI (D. Or. Feb. 7, 2006) (alleging in the complaint that "Oregon law requires each employer to pay employees all wages due within a specified period of time" but citing only to Oregon's overtime laws); O'Brien v. Encotech Constr. Servs., Inc., 203 F.R.D. 346, 347 (N.D. Ill. 2001) (alleging violations of the Illinois Minimum Wage Law, the Illinois Wage Payment and Collection Act, and the FLSA), on recons., 183 F. Supp. 2d 1047 (N.D. Ill. 2002); Ladegaard v. Hard Rock Concrete Cutters, Inc., No. 00 C 5755, 2000 WL 1774091, at *1 (N.D. Ill. Dec. 1, 2000) (alleging claims for overtime wages and minimum wage under the FLSA, the Illinois Minimum Wage Law, and the Illinois Wage Payment and Collection Act).

[6] Plaintiff cites to Frost v. Malden/Dockside, Inc., No. SUCV20172204BLS1, 2017 WL 5985234, at *2 (Mass. Super. Ct. Oct. 13, 2017), for the proposition that the Wage Act may be used to enforce FLSA obligations. Frost was brought as a putative class action alleging only state law claims. Id. at *1. The Superior Court granted a motion to dismiss the Section 148 claim on the basis that the plaintiff did not plead a separate FLSA claim. Id. at *1. A settlement class was ultimately certified after the plaintiff amended her complaint. Frost, No. SUCV20172204BLS1, Dkt. No. 21 (Nov. 29, 2018).

[7] The Court found just one case in which a Rule 23 class was certified for a state law claim that was dependent on an FLSA claim. See Bouaphakeo, 564 F. Supp. 2d at 910. In Bouaphakeo, the court conditionally certified an FLSA class and certified a Rule 23 class action for a claim under the Iowa Wage Payment Collection Law which alleged a failure to pay wages due under the FLSA. Id. The claims were tried together before a jury and appealed to the Eighth Circuit Court of Appeals. See Bouaphakeo v. Tyson Foods, Inc., 765 F.3d 791, 796 (8th Cir. 2014). On appeal, the Eighth Circuit held that it was not an abuse of discretion for the district court to certify the FLSA collective action or the Rule 23 action. Id. at 796–800. The Eighth Circuit decision was appealed to the Supreme Court, which did not address the issue of class certification directly but affirmed and remanded the case. See Tyson Foods, Inc. v. Bouaphakeo, 136 S. Ct. 1036, 1048–50 (2016).

The Court takes note of Bouaphakeo but declines to follow its holding here for three reasons. First, the opinion may be an anomaly in the body of FLSA case law, a fact that the opinion itself recognizes. See Bouaphakeo, 564 F. Supp. 2d at 886 (acknowledging that "nearly every court to consider the issue recognizes that state law claims that merely duplicate or depend on the FLSA

In addition to the dearth of case law allowing a state law wage claim that is dependent on an FLSA claim to proceed as a class action, similar class actions have been rejected in this district at least twice. First, Judge Young rejected a claim under New Hampshire's wage law in Trezvant v. Fidelity Employer Services Corporation on a motion to dismiss. 434 F. Supp. 2d 40, 54 (D. Mass. 2006). The employees in Trezvant asserted a claim under a New Hampshire law requiring wages to be paid timely and alleged that the violation occurred because they had not been paid overtime wages owed under federal law. Id. at 54. Like the Plaintiff here, the Trezvant plaintiffs were not entitled to overtime wages under state law, so their only claim to overtime pay arose under the FLSA. Id. Judge Young concluded that the New Hampshire statute did not encompass wages owed under federal law, but went on to hold that, even if the claim had been viable, a class action would not be appropriate. See id. at 56–57. Judge Young concluded that "[t]hough the Employees bring a state-law claim, it is an action to recover unpaid federally mandated overtime compensation. As such, it must be brought pursuant to the procedures in Section 216." Id. at 57. He distinguished the Trezvant plaintiffs' claim from cases in which the state and federal claims asserted are independent. Id.

Second, Judge Zobel denied class certification in Brayak v. New Boston Pie when presented with a Wage Act claim very similar to the one alleged here. 292 F. Supp. 3d 520, 523 (D. Mass. 2017). In Brayak, former delivery drivers for a Domino's Pizza franchise brought a putative class action against their former employer alleging a violation of Section 148 based on a violation of federal overtime law. Id. at 521–22. Like the Plaintiff here, the Brayak plaintiffs were exempt from Massachusetts overtime law as "restaurant workers" and their only claim to

---

are preempted by federal law"). Second, because the case is from outside of the First Circuit, it is instructive, but not binding. Finally, the parties in this matter have chosen not to address Bouaphakeo or its progeny, perhaps in implicit agreement with the aforementioned two reasons.

overtime wages arose under the FLSA. Id. at 522 (citing Mass. Gen. Laws ch. 151A, § 1A(14)). Judge Zobel concluded that the logic of Carroca did not extend to the class action context. Id. at 523. While plaintiffs with "independently valid state and federal claims" may seek class treatment of those claims, a plaintiff who is asserting "what is at bottom an action to recover federally mandated overtime wages cannot circumvent the opt-in collective action procedures set forth in Section 216." Id.

Plaintiff does not address Trezvant but attempts to distinguish Brayak by asserting that the decision "incorrectly depicted the Section 216(b) process as, essentially, the exclusive method of redressing violations of nonpayment of wages" and argues that class actions and collective actions can and should coexist. [ECF No. 25 at 5–8]. As discussed supra, class actions and collective actions may coexist, but only when plaintiffs bring independent state and federal claims. Brayak and the present case, however, concern a dependent state law wage claim that is "at bottom an action to recover federally mandated overtime wages." Brayak, 292 F. Supp. 3d at 523. Actions brought for violations of the FLSA, whether under the FLSA directly or through a dependent state law claim, must be brought either individually or in conformance with the procedures of Section 216. A Rule 23 action for a claim seeking to recover wages due exclusively under the FLSA circumvents the FLSA's opt-in requirements, even when it is not wholly duplicative of the FLSA claim, and may not be maintained. See, e.g., Brayak, 292 F. Supp. 3d at 523; Trezvant, 434 F. Supp. 2d at 56–58.

### III. CONCLUSION

Accordingly, for the foregoing reasons, Defendants' motion to dismiss [ECF No. 21] is GRANTED. Plaintiff is directed to file an amended complaint consistent with this order.

11

**SO ORDERED.**

February 25, 2019 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE