# Exhibit 4

# TOLLING AGREEMENT

This Agreement is made by and between Broadband Interactive, Inc. ("BBI") and Matthew Thomas and David Ortiz. It is intended to address the tolling of the statute of limitations with respect to Thomas, Ortiz, and individuals BBI has allegedly employed or contracted with to perform disconnect, reconnect, or collection work as disconnect technicians, box recovery representatives, or collections representatives in the State of Florida for the applicable limitations period, as if all claims were filed as of October 21, 2010, and shall toll the applicable statute of limitations from that date until this tolling agreement is effectively terminated by either party pursuant to the terms of this Agreement (hereinafter collectively, "Claimants").

WHEREAS Matthew Thomas and David Ortiz were employed by BBI and performed disconnect, reconnect or collection work, who have retained counsel to bring claims on behalf of themselves and other current or former BBI collection specialists under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, ("FLSA"), Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201-501.213, and the Florida Constitution Minimum Wage Claim, Section 24, Article X of the Florida Constitution (collectively referred to as "Wage Claims").

WHEREAS, Claimants and BBI have indicated an interest in exploring settlement opportunities.

NOW THEREFORE, for good and sufficient consideration, the receipt of which is hereby acknowledged, Claimants and BBI hereby agree as follows:

1. Tolling Provision. No statute of limitations on any Wage Claims shall run against Claimants and the same shall be tolled during the period of time while this Agreement is in effect and neither party shall put forward or rely upon the period of time while this Agreement is in effect as a bar or laches or for any other purpose to defeat the claims made or to be made in the Action. In other words, while this Agreement is in effect, the time period between October 21, 2010 and the date of the termination of this Agreement shall not be counted when calculating any limitations periods for Claimants' Wage Claims. Nothing in this Agreement shall be construed as changing or waiving any statute of limitations argument that BBI currently has. This Agreement shall not revive any claim that is already time-barred as of the effective date of this Agreement.

2. Duration. This Agreement is effective as of October 21, 2010, and shall terminate thirty (30) days after either party gives written notice of cancellation to the other.

3. Modification. This Agreement can be modified only in a writing signed by the parties. This Agreement shall constitute the entire understanding between the parties concerning the subject matter of this Agreement and supersedes and replaces all prior negotiations, proposed agreements, and agreements, written or oral, relating to this subject.

4. Successors. This Agreement shall bind and benefit each of the parties and their respective predecessors, successors and assigns.

5. Execution of Counterparts. Separate counterparts of this Agreement may be executed by the parties with the same force and effect as if all such parties had executed a single copy of this Agreement.

6. <u>Authority to Bind</u>. Each counsel executing this Agreement represents and warrants that they have been authorized to enter into this Agreement on behalf of the party on whose behalf they signed and the signatory has full and complete authority to do so.

7. <u>Governing Law</u>. This Agreement shall be governed and construed and enforced in accordance with the laws of the State of Florida. Any disputes arising out of or in connection with interpreting or enforcing the terms of this Agreement shall be filed in the Middle District of Florida, Tampa Division.

8. <u>Confidentiality</u>. The parties and their attorneys shall keep the terms of this Agreement confidential and shall not disclose the terms to anyone unless required to disclose such information by court order or to enforce this Agreement.

9. <u>Notices</u>. Any notice, request, instructions or other document to be provided hereunder by either party to the other shall be in writing and delivered personally or mailed by certified mail, postage prepaid, return receipt requested (such personally delivered or mailed notice to be effective on the date actually received) or by electronic means (including email) as follows:

If to Claimants, address to:

Sam J. Smith
BURR & SMITH, LLP
442 W. Kennedy Blvd., Suite 300
Tampa, Florida  33606

If to BBI, address to:

William E. Grob
FORD & HARRISON LLP
101 E. Kennedy Blvd., Suite 900
Tampa, Florida  33602

DATED: Nov. 29, 2010                     Claimants

                                         By: _____
                                             Sam J. Smith

DATED: 11/30, 2010                       Broadband Interactive, Inc.

                                         By: _____
                                             William E. Grob

2