UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------X
CARLOS CHAVIRA, Individually and on :
Behalf of All Other Persons Similarly Situated, :
:
                            Plaintiff, :   Case No. 1:18-cv-10029-ADB
:
: **LEAVE TO FILE GRANTED ON**
                 -against- : **APRIL 12, 2019**
:
OS RESTAURANT SERVICES, LLC :
and BLOOMIN' BRANDS, INC., together :
doing business as OUTBACK STEAKHOUSE :
:
:
                        Defendants. :
---------------------------------------------------------------X

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR NOTICE
AND CONDITIONAL CERTIFICATION UNDER 29 U.S.C. § 216(b)**

Outback's opposition to Plaintiff's Motion for Notice and Conditional Certification ("Plaintiff's Motion" or the "Motion") (ECF No. 35) makes no argument – legal, factual, or otherwise – relevant to the issue now before the Court, which is whether the evidence presented by Plaintiff Carlos Chavira and eight Opt-in Plaintiffs (jointly, the "Plaintiffs") meets the lenient standard in this Court (as well as elsewhere) for notice and conditional certification under 29 U.S.C. §216(b).

Plaintiffs' evidence readily suffices and could hardly be clearer: nine Plaintiffs testified that they each held the same position while working for Outback, performed the same non-exempt duties, were subject to the same policies, were paid on the same salary basis, routinely worked overtime without pay, and were classified as exempt under the FLSA pursuant to a common classification decision; moreover, the testimony of each is the same regardless of where they worked, reflecting a common experience across multiple U.S. states. *See* Memorandum in

1

Support of Plaintiff's Motion for Notice and Conditional Certification ("Pl.'s Memo") (ECF No. 36) at 3-7 (citing cases and setting forth the standard as per prior precedent, including, *inter alia*, *Roberts v. TJX Cos.,* No. 13-cv-13142-ADB, 2018 U.S. Dist. LEXIS 49174, *11-12 (D. Mass. March 17, 2017) (burden for notice met where "plaintiffs "mak[e] some showing that 'there are other employees . . . who are similarly situated with respect to their job requirements and with regard to their pay provisions,' on which the criteria for many FLSA exemptions are based, who are classified as exempt pursuant to a common policy or scheme.") (citations omitted).

Outback does not refute Plaintiff's evidence as to the necessary showing. That should end the inquiry. Nonetheless, Outback makes three arguments in opposition to Plaintiff's Motion: *first*, that seven decades of FLSA collective action jurisprudence should be radically reconceived based on *Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. \_\_\_, 137 S. Ct. 1773 (2017) (Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Notice and Conditional Certification ("Def's. Opp.") (ECF No. 46) at 7-10); *second*, it attempts to challenge the ultimate merits of the case by appealing to the Court to consider its declarations from current employees (Def.'s Opp. at 10-17); and, *finally*, it complains that the appropriate notice period in this case should not reflect the tolling agreement which Outback itself entered into (Def.'s Opp. at 18-20). Each of Outback's points are addressed in turn below.

**ARGUMENT**

**I.      *Bristol-Myers* Does Not Apply to FLSA Actions**

Outback argues that the Court should deny conditional certification to non-Massachusetts putative plaintiffs (Def.'s Opp. at 7-10), citing the Supreme Court's 2017 *Bristol-Myers* decision, as well as *Roy v. FedEx Ground Package System, Inc.*, 353 F. Supp. 3d 43 (D. Mass 2018). This argument is repeated in Outback's Memorandum in Support of Motion to Strike Notice of

Consent (ECF No. 45). Rather than repeat what was argued in Plaintiff's Opposition to Defendant's Motion to Strike Notices of Consent ("Pl.'s Opp.") (ECF No. 56) at 1-13, Plaintiff respectfully refers the Court to that opposition for the reasons that Outback's argument fails.

## II. The Court Should Not Consider Outback's "Happy Camper" Declarations

To oppose Plaintiff's motion for notice, Outback submits declarations it obtained from current employees, all of whom attest to what they say is managerial work as Front of House ("FOH") Managers at Outback restaurants. However, as Plaintiff pointed out in his Motion, once a plaintiff meets his burden during the first stage, courts refuse to consider a defendant's arguments that differences exist among the collective. *See* Motion at 8 n.4 (*citing, inter alia*, *Johnson v. VCG Holding Corp.*, 802 F. Supp. 2d 227, 236 (D. Me. 2011) ("differences [supposedly shown by employee affidavits submitted by the employer] are best considered at the second stage after discovery has provided 'a more extensive and detailed factual record'") (*citing Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1261 (11th Cir. 2008)).[1]

Particularly in misclassification cases, courts "regularly" disregard a defendant's "happy camper" declarations both because they address ultimate merits issues (and not the classification decision), and because they are suspect and of little value in determining whether notice should issue. *Winfield v. Citibank, N.A.*, 2012 U.S. Dist. LEXIS 16449, at *25 n.6 (S.D.N.Y. Jan. 27, 2012); *see also*, *e.g.*, *Kellgren*, 2015 U.S. Dist. LEXIS 118615, at *17 ("[T]he Court is not determining whether Petco ASMs are properly classified as exempt in this stage of the analysis, as that argument pertains to the merits of the claim [t]herefore, the Court will not give

---

[1] Outback takes issue (Def.'s Opp. at 11 n.14) with Plaintiff's citation to this statement in *Johnson*, ignoring the other cases cited by Plaintiff (Memo. at 8 n.4). Outback only cites *Johnson* for the fact that it declined to certify for notice, which it did solely for the reason that only two plaintiffs had joined the case with no indication that others might join – not because of competing evidence from the employer as to differences in the work. *Id.* at 238-39.

3

Defendant's happy camper declarations any weight."); *Goodman v. Burlington Coat Factory*, 2012 U.S. Dist. LEXIS 166910, at *26 (D.N.J. Nov. 20, 2012) (defendants' declarations attempting to "show individual differences among the ASMs' actual duties . . . necessarily address[] the merits of Plaintiffs' claim and [are] therefore premature"); *Creely v. HCR Manorcare*, 789 F. Supp. 2d 819, 840 (N.D. Ohio 2011) ("[T]his Court is not swayed by [the defendant's] submission of thirty-five 'happy camper' affidavits .... [T]he Court's function at this stage of conditional certification is not to perform a detailed review of individualized facts from employees hand-picked by [the defendant]"); *Aros v. United Rentals, Inc.*, 269 F.R.D. 176, 180 (D. Conn. 2010) ("The court agrees with Aros that it is inappropriate to consider the declarations of other United Rentals employees, which have been submitted to the court by United Rentals in an effort to prove that the potential collective action members are not similarly situated.").[2]

Behind these decisions is also a recognition that such declarations, obtained by company lawyers approaching employees who might well be fearful of keeping their jobs, possess "glaring reliability concerns" and "carry within them possible pressure arising from ongoing employment relationships." *In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 527 F. Supp. 2d 1053, 1060 (N.D. Cal. 2007) (refusing to consider declarations); *Shores v. Publix Super Mkts.*, 1996 U.S.

---

[2] *See also, e.g., Chime v. Peak Sec. Plus, Inc.*, 137 F. Supp. 3d 183, 202 (E.D.N.Y. 2015) ("declarations submitted in opposition to a motion for conditional certification carry limited weight, since the focus of the court's inquiry is not on the defendants' evidence, but on whether the plaintiffs have made their requisite showing" (internal quotation and alteration marks omitted)); *Amador v. Morgan Stanley & Co. LLC*, No. 11 Civ. 4326, 2013 U.S. Dist. LEXIS 19103, *28-29 (S.D.N.Y. Feb. 7, 2013) ("To balance the parties' competing affidavits at this stage would require the Court to determine the facts, determine credibility of the affiants, and resolve legal contentions, all of which the conditional certification and potential later decertification process is structured so as to avoid. As long as Plaintiff' [a]ffidavits are sufficiently similar and detailed to constitute a preliminary showing that they and other potential plaintiffs together were victims of a common policy or plan, Plaintiffs have met their burden." (quotation omitted).

Dist. LEXIS 22396, at *11 (M.D. Fla. Nov. 25, 1996) ("highly suspicious" of declarations taken via *ex parte* work place communication). Further, as stated in *Cohen v. Gerson Lehrman Group, Inc.*, 686 F. Supp. 2d 317, 329 (S.D.N.Y. 2010), "it would be inappropriate to rely on defendants' affidavits at an early stage of litigation, prior to the affiants' availability for deposition." These words have particular applicability here, in light of the fact that Outback did not produce the declarations in a timely manner – indeed, these individuals were not listed in Outback's Rule 26 disclosure – and were only produced with Outback's opposition papers. On this ground alone they could properly be stricken.[3] *See, e.g., Henry v. Quicken Loans, Inc.,* 2009 U.S. Dist. LEXIS 90126, at *15 (E.D. Mich. Sept. 30, 2009); *see also, e.g.*, *Cunningham v. Elec. Data. Sys. Corp.*, 754 F. Supp. 2d 638, 648 (S.D.N.Y. 2010) ("Plaintiffs have met their burden under the preliminary standard for conditional certification, and [defendant] cannot prevent the Plaintiffs from proceeding as a collective action by relying on the declarations it has submitted."); *Pippins v. KPMG LLP*, No. 11 Civ. 0377, 2012 WL 19379, at *12 (S.D.N.Y. Jan. 3, 2012) (declining to consider defendant's affidavits at conditional certification stage and noting

---

[3] Outback places great reliance on the Magistrate's Report and Recommendation in *McKnight v. Honeywell Safety Prods.*, Inc., 2017 U.S. Dist. LEXIS 128035 (D.R.I. June 13, 2017). But that is inapposite: there, the plaintiffs offered only two declarations, both from employees from within the same state who never worked in another state, while the defendants submitted ten declarations showing that the position which plaintiffs sought to certify was in fact multiple positions, working within different functional groups, and subject to different regional practices across the country. In other words, there was not even a showing as to a single position within the policy-making and classification processes of the company. Here, in contrast, nine Plaintiffs describe identical experiences across ten separate states (as well as other evidence, such as the identical job posting), while Outback makes no assertion that the FOH position differs regionally in any way whatsoever. Indeed, the facts here are more akin to *Roberts* than *McKnight*, where, and as Outback quotes, Plaintiffs "uniformly described spending most of their workday performing non-exempt tasks. No potential opt-in testified otherwise." Def.'s Opp. at 15; *see also* citations in n.1, above.

that "[e]arly certification of a collective action exists to help *develop* the factual record, not put an end to an action on an incomplete one").[4]

Nevertheless, aside from the foregoing and even should the Court consider Outback's declarations, they actually provide additional support for Plaintiff's Motion. Although they are designed to draw out merits positions favorable to Outback, they show substantial similarity across the FOH Manager position. For example, nearly all of the declarants state that they participated in the same training program and describe common store management practices, such as "Alley Rallies." All but two admit to working more than 40 hours, and those that address nonexempt work all say that they do some amount of it. None disavow doing nonexempt tasks. And though it is premature to test the truth of these statements (even should any of these individuals join the collective), or make findings as to whether they satisfy the exemption test, all attest to performing some role in the hiring process and the disciplinary

---

[4]   A further reason why the Court should disregard Outback's happy camper declarations is that they show no indication that they were obtained following the kinds of warnings and background information about the employer's adverse position to the declarants that other courts have required. *See Longcrier v. HL-A Co., Inc.*, 595 F. Supp. 2d 1218 (S.D. Ala. 2008) (granting motion to strike declarations where employer had misled employees into believing they were participating in a survey and had not informed them of the existence of the lawsuit or their opportunity to be a part of the class) (citing cases); *Sjoblom v. Charter Communications, LLC*, 2007 U.S. Dist. LEXIS 94829, 2007 WL 5314916, *3 (W.D. Wis. Dec. 26, 2007) ("defendants' less than full disclosure of the affiants' potential interest in this lawsuit" in "blitz campaign of affidavit gathering" warranted striking affidavits and requiring prior consent from court before future contacts with potential parties to litigation). Here, Plaintiffs' counsel three times requested that Outback's counsel explain what safeguards were put in place to guard against wrongful coercion and ensure informed consent to an evidentiary process that could affect opt-ins' potential claims. Outback's counsel refused to do so. Instead, Defendants justified their refusal even to share what they might have done (if anything) by referring to the decision in *McLaughlin v. Liberty Mut. Ins. Co.*, 224 F.R.D. 295 (D. Mass. 2004) which has no applicability whatsoever inasmuch as it was a post-certification Rule 23 class action and therefore it did not involve or implicate the opt-in collective action concerns addressed in such decisions as *Longcrier* and *Sjoblom*.

process, as well as employee training.[5] These fundamental similarities across these declarations suggest that FOH Managers' exemption status can be adjudicated in a single proceeding.

Outback's reliance on these declarations ultimately misunderstands the nature of a FLSA collective action and why notice issues. Notice issues to permit potential plaintiffs who may believe themselves to be similarly situated to the named plaintiff(s) to join the case. The collective action is then about the individuals who join, not about those who did not join (for whatever reason, including that they may not wish to expose themselves to the burdens of litigation or that they fear retaliation). Thus, until other FOH Managers actually join the collective, it is it is impossible to determine how similar, on the ultimate merits, they may be. *Gortat v. Capala Bros.,* 2010 U.S. Dist. LEXIS 35451, at *34-35 (E.D.N.Y. Apr. 9. 2010) ("The heightened [second stage] scrutiny standard is only appropriate *after* the opt-in period has ended and the court is able to examine whether the *actual* plaintiffs who joined the case are similarly situated. It would not sensible serve the purposes of a two- step scheme to impose on plaintiffs a heightened burden of proving that as-yet- unknown plaintiffs are similarly situated.").

Lastly, Outback complains that the nine individuals who have joined this case pre-notice are too few for notice to issue (Def.'s Opp. at 12-14). As this Court is aware, however, FLSA notice can (and does) issue even when there have been few, if any, opt-ins, even in substantial nationwide cases far larger than this; indeed, nine is a fairly substantial number. *See, e.g., Roberts v. TJX Cos.,* No. 13-cv-13142-ADB, 2018 U.S. Dist. LEXIS 49174, *21 (D. Mass. March 17, 2017) (*citing McEarchen v. Urban Outfitters, Inc.*, No. 13-03569, 2014 U.S. Dist. LEXIS 134093, 2014 WL 4701164, at *2 (E.D.N.Y. Sept. 23, 2014) (upholding magistrate's

---

[5]   Plaintiff's chart depicting the common allegations in Outback's declarations is attached hereto as Exhibit A.

conditional certification of national mid-manager misclassification collective without any discovery, declarations or other submissions from plaintiffs, or even formal motion practice based entirely on "[defendant's counsel's] admissions [at first status conference that all ASMs are viewed as non-exempt] and corporate documents"); *see also, e.g., Lapan v. Dick's Sporting Goods, Inc.*, No. CIV.A. 13-11390-RGS, 2014 U.S. Dist. LEXIS 118069, at *1-3 (D. Mass. Aug. 20, 2014) (notice issued in nationwide mid-manager misclassification case with named plaintiff and two opt-ins); *Indergit v. Rite Aid Corp.*, 08 Civ. 9361 (PGG), 08 Civ. 11364 (PGG), 2010 U.S. Dist. LEXIS 60202 (S.D.N.Y. June 15, 2010) (approving notice to 8,400 nationwide (except California) Rite Aid SMs based upon three affidavits and corporate documents); *Craig v. Rite Aid Corp.*, 08-cv-2317, 2009 U.S. Dist. LEXIS 114785 (M.D. Pa. Dec. 9, 2009) (conditional certification of nationwide FLSA collective of over 8,000 Rite Aid ASMs, except those in California, based on plaintiff's pleadings, uniform job advertisements and affidavits (no depositions) from ASMs).

**III.     The Notice Period Should Extend to January 16, 2013**

Plaintiff's proposed form of notice and consent includes a time period that starts on January 16, 2013. *See* Pl's Memo, Ex. 13 (ECF No. 36-14). This date reflects a tolling agreement entered into by Outback with regard to the FOH Manager position, as described by Plaintiff in support of his Motion. *See* Pl.'s Memo at 11-14; *see also* Declaration of Justin M. Schwartz (ECF No. 36-15). Outback in its Opposition (at 18-20) argues that the tolling agreement does not apply to this case, and again refers the Court to its Memorandum in Support of Motion to Strike Notice of Consent (ECF No. 45 at 11-19), which also argues for the inapplicability of the agreement.

Outback is mistaken for the reasons described in Plaintiff's Opposition to Defendant's Motion to Strike Notices of Consent (ECF No. 56) at 20-25, and Plaintiff incorporates the same by reference here.  Outback's misleading presentation to the Court of the terms of the tolling agreement does not change the plain meaning of those terms as written in the agreement.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion should be granted, and notice sent out as soon as practicable to all FOH Managers employed by Outback from January 16, 2013 to the present, in the form submitted for approval by the Court.

                              Respectfully submitted,

Dated: May 1, 2019            By:    */s/ Fran L. Rudich*_____
                                     Fran L. Rudich
                                     Seth R. Lesser*
                                     Christopher M. Timmel*
                                     KLAFTER OLSEN & LESSER LLP
                                     Two International Drive, Suite 350
                                     Rye Brook, NY 10573
                                     Telephone: (914) 934-9200
                                     E-mail: fran@klafterolsen.com
                                     E-mail: seth@klafterolsen.com
                                     E-mail: christopher.timmel@klafterolsen.com

                                     Gregg I. Shavitz*
                                     Michael Palitz*
                                     Logan Pardell*
                                     SHAVITZ LAW GROUP PA
                                     1515 S Federal Hwy., Suite 404
                                     Boca Raton, FL. 33432
                                     Telephone: (561) 447-8888
                                     E-mail: gshavitz@shavitzlaw.com
                                     E-mail: mpalitz@shavitzlaw.com
                                     E-mail: lpardell@shavitzlaw.com

                                     Justin M. Swartz*
                                     Deirdre Aaron*
                                     OUTTEN & GOLDEN LLP
                                     685 Third Avenue, 25th Floor
                                     New York, NY 10017

Telephone: (212) 245-1000
E-mail: JMS@outtengolden.com
E-mail: daaron@outtengolden.com

Hillary Schwab
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, MA. 02111
Telephone: (617) 607-3260
E-mail: hillary@fairworklaw.com

*Attorneys for Plaintiff and the Collective*

*admitted *pro hac vice*